HENRY FELT, DEFENDANT IN ERROR, v. CHARLES STEIGLER, PLAINTIFF IN ERROR.

Argued November 6, 1902—Decided February 24, 1903.

An action being brought to recover the sum of $1,500, payable in fifteen monthly installments of $100 each, and there being evidence from which the jury might find that the fifteen months had not expired prior to the commencement of the suit, and that as to $100 it was not due when the suit was brought—*Held,* erroneous to charge the jury that the matter was of such small consequence that they might disregard it, even if they believed that the fifteen months had not expired, and that as to $100 it was not due when the suit was brought.

---

On error to the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Johnson & German* and *Robert H. McCarter.*

For the defendant in error, *Francis Child.*

The opinion of the court was delivered by

PITNEY, J. This action was brought by a building contractor to recover a balance claimed to be due upon a written contract and also certain moneys claimed for extra work. Plaintiff had a verdict and judgment below.

The defendant contended, among other things, that the suit was prematurely brought, and that the plaintiff was not entitled to recover the full amount claimed. The contract provided that the consideration for the construction of the building in question should be $3,000, payable $1,500 at the completion of the work, and the balance of $1,500 to be paid in monthly payments of $100 per month during a period of fifteen months. The plaintiff claimed that the work was completed on or before July 28th, 1900, but there was evidence to be submitted to the jury, and which the trial judge did submit to them, from which they might find that the final work was not done until some time in August. The suit was commenced October 30th, 1901. Therefore, if the jury should find that the last work was done in August, it would follow that the final installment of $100 had not fallen due at the time of the commencement of the suit. In this state of the proofs, the trial judge, in his charge to the jury, after referring to the evidence *pro* and *con* upon the question whether the building was completed in July, or not until some time in August, proceeded to charge the jury as follows: "The matter is of such small consequence that I instruct you that you may disregard it in the present suit, even if you believe that the fifteen months had not expired, and that as to $100 it was not due when the suit was brought. At any rate, fifteen months have now expired, and I think that no harm will be done by looking at the case in that way."

To this portion of the charge an exception was taken and duly sealed.

It was, we think, erroneous for the trial judge to charge the jury that they might include the final $100 in their verdict, although it was not due when the suit was brought. The action was commenced by summons, and no claim that matured after the suit was commenced could properly be included in the verdict. The rule laid down in *Devlan* v. *Wells,* 36 *Vroom* 213, is only applicable where suit is commenced by attachment.

The judgment should be reversed, and a *venire de novo* awarded.