WILLIAM F. TITUS, DEFENDANT IN ERROR, v. FRANK GUNN, PLAINTIFF IN ERROR.

Argued March 11, 1903—Decided June 15, 1903.

1. In an ordinary action commenced by summons the plaintiff, in order to succeed, must show that his right of action was complete at the time the action was commenced.

2. The same rule applies to an action brought against the builder and owner by virtue of the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538, §§ 23, 24, &c.

3. A building contract that required the contractor to do the work and furnish the materials required for the construction of certain buildings in this state contained provisions for the payment of the consideration price in installments as the work progressed, the final payment to be made when the buildings were "completed and delivered to the owner, with a full release of liens." *Held*, that the clause quoted was intended to protect the owner against liens and claims arising under the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538.

4. In such a case the delivery of a release of liens is a condition precedent to the contractor's right to recover, unless it affirmatively appear that there are no liens or claims to be released.

5. In an action brought against the builder and owner, under the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 538), the releases must be delivered or tendered before suit brought.

6. It is erroneous to permit a witness to use, as a memorandum from which to testify, a document in the preparation of which he did not participate and concerning the accuracy of which he has no personal knowledge.

On error to the Gloucester Circuit Court.

For the plaintiff in error, *Robert S. Clymer.*

For the defendant in error, *Austin H. Swackhamer.*

The opinion of the court was delivered by

PITNEY, J. This was an action upon a mechanics' lien claim, brought against the defendant as builder and owner. The plaintiff prevailed in the court below, and a reversal of the judgment is now sought, on the ground of errors committed at the trial, evidenced by bills of exceptions.

The principal part of the plaintiff's claim arose under a contract, in writing, between the parties, providing for the construction, at Mount Royal, in the county of Gloucester, of two dwelling-houses by the plaintiff for the defendant, including the furnishing of all materials required for the work. The contract provided, as usual, for payment of the consideration price in installments as the work progressed, the final payment to be made "when each house is completely finished and delivered to the said Frank Gunn with a full release of liens." The only rational construction of this clause is that it was intended to protect the owner against liens and claims arising under the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538; *Turner* y. *Wells, 35 Vroom* 269; *S. C.,* 38 *Id.* 572. As the contract was not filed pursuant to section 2 of the act, the buildings were subject (sections 1, 16, 18, &c.) to the liens of laborers and materialmen to be filed within four months after performing the work or furnishing the materials. The

contract work was finished not earlier than August 12th, 1902, and this action was commenced on or before September 1st following. The release of liens was, therefore, essential for the protection of the defendant, and was a condition precedent of the plaintiff's right to recover, unless it affirmatively appeared that there existed no liens or claims to be released. *Turner* v. *Wells, ubi supra.*

No attempt was made by the plaintiff to show the non-existence of such claims or liens; on the contrary, it was admitted that one or more of the materialmen remained unpaid. There was no tender of releases before suit brought. Releases were introduced in evidence, but a considerable number of them were dated, and presumably executed, after the commencement of the suit. It was admitted that one, at least, was signed on the day of the trial. The trial judge, against objection based on the non-delivery of releases before commencement of suit, directed the jury to render a verdict for the entire amount claimed by the plaintiff, including the amount of the final payment. An exception was duly sealed.

The judge acted upon the theory that it was immaterial whether the releases were made or tendered before the suit was brought, so long as they were duly executed before being introduced in evidence, and were produced and tendered to the defendant upon the trial. This was clearly erroneous. The action having been commenced by summons, the adjudication must relate to the *status* that existed at the beginning of the suit. *Felt* v. *Steigler, ante p.* 92. The practice indicated in *Devlan* v. *Wells,* 36 *Vroom* 213, 220, is based upon the peculiar procedure laid down in the Attachment act, and has no reference to actions commenced by summons.

In view of the necessity of a second trial, it is proper that we point out another error apparent upon the record now before us. A part of the plaintiff's claim is for "extra work," not included in the contract. A bill of particulars, embodying a specification of the items of this claim, was annexed to, and filed with, the declaration. Upon the trial the plaintiff was a witness in his own behalf, and was asked whether he had done any work for the defendant outside of the contract.

Having answered in the affirmative, he was asked to give the amounts due for the extra work, and was unable to do so, having no memorandum made by himself from which to testify. He was then permitted, against objection, to refer to the bill of particulars annexed to the declaration, and to testify from it as to the amount and price of the extra work. There was nothing to show that he had participated in the preparation of the document, or had any personal knowledge with respect to its accuracy. It was, therefore, improper to permit him to use it as a memorandum from which to testify.

The judgment should be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, HENDRICKSON, PITNEY, SWAYZE, VREDENBURGH, VOORHEES, VROOM. 11.