### O. W. Merritt v. J. C. Ward.

1. FORECLOSURE—*when chattel mortgagor cannot maintain trover for alleged wrongful.* A chattel mortgagor cannot maintain trover against his mortgagee for an alleged illegal foreclosure where, with full knowledge of all the facts and without objection or protest, he has accepted the surplus arising from the alleged wrongful sale.

Action of trover. Appeal from the County Court of Moultrie County; the Hon. E. D. HUTCHINSON, Judge, presiding. Heard in this court at the November term, 1903. Reversed with finding of facts. Opinion filed March 16, 1904.

EDEN & MARTIN and E. J. MILLER, for appellant.

SENTEL & WHITFIELD, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in trover brought by appellee against appellant to recover the value of certain chattel property. A trial in the County Court resulted in a judgment for the plaintiff for $75, to reverse which the defendant appeals.

The facts briefly stated are as follows: Appellee executed to appellant a chattel mortgage upon the property in question to secure the payment of his note to appellant. The mortgage contained a clause providing that in case the mortgagee should at any time before the maturity of the note feel himself unsafe or insecure, he might take possession of the mortgaged property and dispose of the same, upon giving notice to the mortgagor, and of the time and place of

the sale in the manner therein provided. Appellant, before the maturity of the note, took possession of the property under the insecurity clause, and after having given notice to appellee, and of the time and place of the sale, sold the same at public vendue. He then sent to appellee by mail a letter enclosing an itemized statement showing the proceeds of the sale and the expenses incurred in making the same, together with the note and mortgage upon which he had endorsed the word "paid," and a draft for the surplus proceeds of the sale as shown by the statement. It is not denied that appellee received and retained the same. Appellee contends that appellant did not act in good faith in seizing the property under the insecurity clause of the mortgage; that there was no apparent danger of his losing his debt, such as a reasonable man might in good faith act upon, or for his believing himself unsafe or insecure, and that therefore no probable cause for seizing the same existed. We do not deem it necessary to discuss or consider this question, inasmuch as we are of opinion that appellee having, with full knowledge of all the facts and without objection or protest, accepted the surplus proceeds of the sale, he thereby affirmed the same and is consequently estopped from recovering the value of the property so sold, in this action.

Appellee insists, however, that notwithstanding his acceptance of the proceeds of the sale, he can maintain an action against appellant for fraud, which he alleges was committed by appellant in the seizure and sale of the property. In support of this contention appellee cites the case of Bennett v. Bailey, 150 Mass. 257. The declaration in that case was for fraud in foreclosing a chattel mortgage, and contained a count in trover for the conversion of certain property acquired by the mortgagor after the giving of the mortgage. Upon the count in trover the court says: "Acceptance by the plaintiff of the proceeds of the sale under the mortgage was an affirmance of the sale, but it was not necessarily a waiver of a claim founded on fraud in conducting the sale." In the case at bar no fraud is

charged in the pleadings nor was the question raised in the trial court.

For the reasons indicated, the judgment will be reversed without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find, as ultimate facts, that after the conversion alleged in the declaration, plaintiff accepted without protest and converted to his own use, the surplus arising from the sale of the property alleged to have been wrongfully converted by the defendant, and that he thereby ratified such conversion and sale.