Reedy Co. v. Harrison.


## ACTIONS—MECHANICS' LIENS.

[Hamilton (1st) Circuit Court, July 29, 1911.]

Smith, Swing and Jones, JJ.

*H. J. REEDY CO. v. CHARLES L. HARRISON ET AL.

**Action is Prematurely Brought on Contract for Work to be Delivered Free From Liens as Long as Mechanic's Lien is in Force.**

An action for recovery of balance due on a contract for the erection of certain elevators, which provides that the work shall be delivered free from all claims, liens or other charges, is prematurely brought when instituted while there is in force a mechanic's lien in favor of a subcontractor.

ERROR to common pleas court.

*Healy, Ferris & McAvoy*, for plaintiff in error.
*Stephens, Lincoln & Stephens*, for defendants in error.

## SMITH, P. J.

The action below was to recover a balance due for the erection and construction of certain elevators in the building situated at the southwest corner of Fourth and Elm streets, in Cincinnati, Ohio, as per a certain contract entered into between the parties hereto.

At the close of plaintiff's evidence, the trial court dismissed the action without prejudice on the ground that the same had been prematurely brought. The contract provided, among other things, "that the work was to be delivered to the owner completely finished and free from all claims, liens and other charges with the utmost dispatch. That payments on account should be made upon the written certificate issued by the architect from time to time as the work proceeded, and that a final settlement as to the remainder, and for all extras, if any, should be had and payment made forty days after the work should have been completed, free from all liens, charges, and claims whatsoever and after the architect should have so certified in writing."

The evidence discloses that these clauses in the contract were

*Affirmed, no op., Reedy Co. v. Harrison, 88 O. S. 574.

not carried out on the part of plaintiff in error, but on the contrary, a subcontractor, the Marine Engine & Machine Company, a nonresident of Ohio, on June 4, 1910, filed a petition with the court of common pleas of this county against plaintiff in error and defendants in error, setting up a mechanic's lien upon said property, which it claimed to hold, asking that said claim be declared a lien on the premises and that the same be sold in satisfaction thereof.

It would seem under this state of the record that the fulfillment of this part of the contract on the part of plaintiff in error was a condition precedent to final payment or suit, and is in the contract, without doubt, for the protection of the owners.    *Titus* v. *Gunn,* 69 N. J. Law 410 [55 Atl. Rep. 735]; *Leverone* v. *Arancio,* 179 Mass. 439 [61 N. E. Rep. 45].

Indeed, the application of plaintiff in error to have the Marine Engine & Machine Company made a party defendant in this case, would seem to indicate that it asserted a claim or lien, and as the work was to be delivered by the contractor free from all liens or claims, this was a requirement which the plaintiff in error had not fulfilled prior to its suit upon the contract.

We think the court, therefore, committed no error in dismissing the action without prejudice to the bringing of a new suit whenever the conditions precedent on its part to be performed had been so performed.

Judgment affirmed.

**Swing** and **Jones, JJ.,** concur.