FREDERICK WILLIAM MAUSERT, RESPONDENT, v. MUTUAL DISTRIBUTING COMPANY, A CORPORATION, APPELLANT.

Submitted March 25, 1918—Decided June 17, 1918.

1. A demand on the mortgagor to perform the condition of his mortgage is a condition precedent to a valid seizure and sale of the mortgaged chattels where there can be no default until demand.

2. Where a chattel mortgage is payable on demand there can be no default until demand. But in such case a lawful notice of intention to sell the chattels for the purpose of making the debt is equivalent to demand of payment when the mortgagor has rendered an actual demand impossible by his flight and concealment.

3. It is a defence to an action by the mortgagor against the mortgagee, for conversion of the chattels covered, that the mortgagor has consented to, or ratified, the acts of the mortgagee, and such ratification may be inferred from evidence that for two years after seizure and sale for the purpose of making the mortgage debt the mortgagor expressed no dissatisfaction, but, on the contrary, before bringing suit, purchased of the mortgagee a part of the chattels which the latter had bought at the sale to protect itself, and had also, with full knowledge of the facts, accepted from the mortgagee a voluntary payment of the difference between the amount of the debt and what the mortgagee had realized from the chattels purchased at the sale.

---

On appeal from the Essex County Circuit Court.

For the appellant, *Reed & Reynolds.*

For the respondent, *Palmer Bradner* and *Frank E. Bradner.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought to recover damages for the conversion by the defendant of certain chattels of the plaintiff.   The defendant in its answer, and at the trial, claimed to be a purchaser of such chattels at a sale thereof under a chattel mortgage given by the plaintiff to the defendant, and so sought to justify its possession.

The learned trial judge directed a verdict for the plaintiff, leaving to the jury only the amount of the damages.

We are of the opinion that the direction of a verdict cannot be sustained.

It appeared that the mortgage in question was upon the condition that if the mortgagor should pay to the mortgagee "on demand, at the office of said Mutual Distributing Company (mortgagee) in Newark, N. J., the sum of $682.88, then these presents shall be void," and further provided that in case of default in payment it should be lawful for the mortgagee to take and sell the chattels covered and out of the proceeds to retain and pay the mortgage debt and render the overplus to the mortgagor.

Of course under such a mortgage upon default the mortgagee may, upon due notice to the mortgagor, sell the chattels covered by the mortgage for the satisfaction of the mortgage debt without resort to any court for a decree of foreclosure. *Freeman* v. *Freeman,* 17 *N. J. Eq.* 44.   And that was what the defendant (the mortgagee) undertook to do.

But it appeared that the mortgagee had not made an actual demand of payment on the mortgagor, and the trial judge considered that in the absence of such a demand there was no default and that therefore the sale was a nullity.   It was upon that ground that he directed a verdict for the plaintiff.

No doubt a demand on the mortgagor to perform the condition of his mortgage is a condition precedent to a valid seizure and sale of the mortgaged chattels where there can be no default until demand.   *Goodrich* v. *Willard,* 2 *Gray* (*Mass.*) 203.   And where, as in the present case, a chattel mortgage is payable on demand, there can be no default until

demand. *Goodrich* v. *Willard, supra; Ely* v. *Carnley,* 19 *N. Y.* 496; *Slingo* v. *Steele-Wedeles Co.,* 82 *Ill. App.* 139. The case of *Security Trust and Safe Deposit Co.* v. *N. J. Paper Board, &c., Co.,* 57 *N. J. Eq.* 603, is not to the contrary. The well recognized rule that an action at law may be brought on a promissory note, or a bond payable on demand, immediately after its delivery and before any actual demand has been made, has no application here. A chattel mortgage has characteristics which a note or bond has not. It is a security for a debt, and the mortgagor has a right to redeem the chattels by payment of the debt.

But even in the case of a chattel mortgage payable on demand, a lawful notice of intention to sell the chattels for the purpose of making the debt is equivalent to demand of payment, when, as here, the mortgagor has rendered an actual demand impossible by his flight and concealment. *Goodrich* v. *Willard, supra.* In the present case the evidence tended to show that immediately after the mortgage was executed the mortgagor abandoned his place of business and residence in this state and secreted himself outside the state in such a manner that plaintiff could not ascertain his whereabouts. The evidence also tended to show that lawful notice of the intention to sell was given by the mortgagee.

There is another reason why the mere absence of actual demand of payment did not justify a direction of a verdict in favor of the plaintiff.

It is a defence to an action by the mortgagor against the mortgagee, for conversion of chattels covered, that the mortgagor has consented to, or ratified, the acts of the mortgagee. *Merritt* v. *Ward,* 113 *Ill. App.* 208. In the present case the evidence tended to show that for more than two years after the mortgagee had taken and sold the chattels, the mortgagor expressed no dissatisfaction with the mortgagee's conduct, but, on the contrary, before bringing this suit, purchased of the mortgagee a part of the chattels which the latter had bought at the sale to protect itself, and had also, with full knowledge of the facts, accepted from the mortgagee a volun-

tary payment of the difference between the amount of the debt and what the mortgagee had realized from the chattels purchased at the sale. This evidence permitted of the inference that the mortgagor had ratified the acts of the mortgagee.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.