MARGARET C. HOLZAPFEL ET AL., RESPONDENTS, v. HOBOKEN MANUFACTURERS' RAILROAD COMPANY, APPELLANT.

Argued March 7, 1918—Decided June 17, 1918.

1. Section 21 of the Practice act of 1912 does not support a suit and entry of judgment therein for moneys not due at the time of beginning the action, though they be installments to accrue, and though there is already a right of action for installments in arrear.

2. A contract to pay weekly sums in settlement of liability of an employer for the death of an employe, equal to the maximum provided in the Workmen's Compensation act of 1911 (*Pamph. L.*, *p.* 134) and supplements thereto, may be enforced by the persons claiming the payments, in the Supreme Court by a common law action.

3. Where the judgment was properly rendered for moneys already due, but was erroneous in providing for moneys not due, it may stand as to the moneys due and need not be reversed *in toto.* Rules 134 and 147 are applicable.

---

On appeal from the Supreme Court.

For the appellant, *Isidor Kalisch.*

For the respondent, *James D. Carpenter.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment entered in the Supreme Court pursuant to an order signed by Judge William H. Speer of the Circuit Court, acting as Supreme Court commissioner, by virtue of rules 92 *et seq.* of that court, which are substantially the same as rules 61 *et seq.* appended to the Practice act of 1912; which order adjudged the defendant's answer sham and frivolous and directed that judgment be entered against the defendant (appellant) in favor of Margaret C. Holzapfel and William, Anna, John, Mary, James and Margaret Holzapfel, suing by Margaret C. Holzapfel, their next friend, "for the sum of $260 (being for twenty-six weekly payments of $10 each) and for $10 on the Tuesday of each and every week from and after the date hereof for two hundred and sixty-two weeks, with plaintiff's costs to be taxed by the clerk."

The theory upon which judgment was rendered in this form seems to have been that it conformed to the provisions of a contract between defendant and said Margaret C. Holzapfel, acting for herself and for the benefit of the other plaintiffs above named, who are her infant children; and that such judgment was warranted by section 21 of the Practice act of 1912, which provides that "judgment may be entered in such form as may be required by the nature of the case and by the recovery or relief awarded." The contract, as will presently more fully appear, provided for payments of $10 per week until the total of $3,000 should be paid. At the date of the order twelve weekly payments had been paid; twenty-six were in arrear, and the other two hundred and sixty-two were still to accrue. The commissioner apparently considered that the statute authorized an adjudication which would cover the whole contract once and for all.

We are quite clear that he overstepped the powers conferred by the section quoted. It creates no cause of action where

none existed previously, nor does it enable a party to sue in anticipation of a cause of action which has not yet arisen. The general object is, of course, to avoid multiplicity of suits and of judgments in cases where the rights of all parties may be settled and ascertained with convenience. In effect, it is an assimilation to the existing procedure in equity. But even equity, ordinarily, avoids making an award of money as between debtor and creditor until it is due. *Allen* v. *Taylor,* 3 *N. J. Eq.* 435, 437; *Jordan* v. *Clark,* 16 *Id.* 243, 247. If it accrue after bill is filed and before decree, a supplemental bill is the proper practice. *Ibid.,* 16 *Cyc.* 357; *Story Eq. Pl.,* § 336. It is, of course, elementary at common law that an action cannot be brought to recover money not due. In attachment cases the statute permits it (*Devlan* v. *Wells,* 65 *N. J. L.* 213), but this is a departure from the common law, and when the action is commenced by summons, no claim that matured after the suit was brought can properly be included in the judgment, even in case of an installment contract. *Felt* v. *Steigler,* 69 *Id.* 92; *Titus* v. *Gunn, Id.* 410; 1 *C. J.* 1148. The rule is a meritorious one, certainly as to causes of action to accrue after the judgment, because, *non constat,* that payments will not be promptly made as they accrue. It is going far afield to say that this elemental and sensible rule of the substantive common law was intended to be abrogated by a statute relating to practice, to methods of procedure rather than to rights of action. The judgment in this aspect was clearly erroneous.

The other phase of the case requires a somewhat fuller recital of the facts exhibited in the record. William Holzapfel, husband of the adult plaintiff and father of the infants, was in the service of the defendant as a locomotive engineer when he sustained a fatal accident in the course of his employment and died the same day, leaving the plaintiffs, his widow and infant children. The widow and the defendant, conceiving the case to be one covered by the Workmen's Compensation act, entered into an agreement, in writing, which, among other things, mentioned the names and ages of the children, classifying them and the widow as "dependents," and stipu-

lating for a "maximum" payment of $10 per week and a total compensation of $3,000. From these and other features of the agreement, it may safely be inferred that it was made in view of the provisions of the act, which in case of death calls for a maximum of $10 per week for three hundred weeks. *Pamph. L.* 1913, *p.* 306. The agreement was submitted to, and approved by, the workmen's compensation aid bureau, established by *Pamph. L.* 1916, *p.* 97. But the act is nowhere mentioned or referred to in the agreement.

It is argued, on the assumption that the agreement in question was made pursuant to the act, that only the Court of Common Pleas, as the forum provided in the statute, had jurisdiction to enforce the agreement, and hence the Supreme Court had none. To this view we do not accede. The original act (*Pamph. L.* 1911, *p.* 134) does not particularly contemplate any formal agreement except as to the amount of compensation in the case of injuries not covered by the schedule. See foot of page 138. There is no allusion to agreements for compensation in death cases (at *p.* 139). In fact, the agreement to compensate would seem to be that implied in the contract of hiring, or conclusively presumed to have been made because of the statute. *Pamph. L.* 1911, *p.* 136, ¶ 9; *American Radiator Co.* v. *Rogge,* 86 *N. J. L.* 436; 87 *Id.* 314. The amendment of 1913 does recognize the practice of making an agreement after the injury, and protects the claimants against an agreement to accept less than they are entitled to by permitting the statutory action in the Pleas in spite of it, leaving it open to that court to decide whether a sufficient compensation was stipulated. *Pamph. L.* 1913, *p.* 309.

In 1916 the legislature went a step further and provided that no such agreement should be conclusive unless approved by the workmen's compensation aid bureau, and that unless such an agreement approved by that bureau was filed within twenty-one days after the injury, the bureau should take the matter up itself by way of settlement, or in default of settlement, by suit. *Pamph. L., p.* 97. But nowhere in all this legislation is there any intimation that the agreement when made

and when calling for the full statutory compensation in a
case where it is definitely fixed by the statute, and especially
when approved by the bureau, as in this case, so that it is con-
clusive, shall be enforceable only in the Court of Common
Pleas. The Supreme Court case of Parro *v.* New York, Sus-
quehanna and Western Railroad is cited to the contrary; and
from the report of that case it appears that there was a "re-
lease," whose consideration was the payment of compensation
as provided by the terms of the Compensation act of 1911. If
that was all of it (and nothing more appears) the jurisdiction
of the Common Pleas may well have been exclusive, as the
amount of compensation must needs be fixed by that court.
But, in a case like that at bar, where the rate and amount are
fixed in exact accord with the maximum laid down in the act,
and in words and figures and not by reference, and the agree-
ment if made under the act is conclusive, we see no reason
for denying to our principal court of common law jurisdic-
tion the power to entertain a suit for arrears of liquidated in-
stallments due thereunder. The cited case of *Dupont* v.
*Spocidio,* 90 *N. J. L.* 438, is in nowise to the contrary. All
that was there decided, relevant to the present inquiry, is that
an agreement for compensation when made relieves the claim-
ant of the obligation to bring his suit within one year after
the injury.

The next point made is that the agreement was signed by
the mother alone, and hence created no rights in favor of the
children, because the act of 1916, *ubi supra,* contemplates sig-
nature by the dependents. But this argument contains its
own refutation, for the agreement in that event becomes, as
to the children, an agreement of compromise and settlement
at common law made for their benefit and ratified by them
through a suit thereon to which they are parties plaintiff by
their next friend and by a judgment in which they will be
concluded. *Sites* v. *Eldredge,* 45 *N. J. Eq.* 632; 22 *Cyc.* 698.
If they were seeking to repudiate the agreement the case
might be different, but they are standing on it, and defend
the judgment.

The last point made is that the judgment does not provide against contingencies mentioned in the Compensation act, such as remarriage or death of the widow, death of one or more of the children, or their arrival at eighteen years of age.

It is a sufficient answer to say that our disposition of the case, so far as relates to the payments to accrue *in futuro,* makes it unnecessary to pass upon this point.

The judgment as respects the provision for payment of weekly amounts to accrue after its rendition must be reversed. Whether it properly included any payments accruing after the commencement of the suit is not argued, so we do not pass on this, though we are not to be understood as so intimating. The question, then, is, Must the judgment be reversed *in toto?* In our view, rules 131 and 147 of the Supreme Court are applicable, and enable us to separate the error as to future payments from the judgment correctly rendered as to past due payments. The situation is somewhat similar to that in *Camden* v. *McAndrews & Forbes Co.,* 85 N. J. L. 260. The amount of arrears is not disputed, and for all that appears was properly adjudicated.

The judgment will be modified by striking out the provisions as to payments not accrued, which must be sued for in another action or other actions.

No costs will be allowed in this court.

*For affirmance*—THE CHANCELLOR, BLACK, J.    2.

*For reversal*—None.

*For modification*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.    11.