MARTHA WEH AND MATTHEW WEH, PLAINTIFFS-RE-SPONDENTS, v. PEOPLES RAPID TRANSIT COMPANY, INCORPORATED, A NEW JERSEY CORPORATION, DE-FENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

318

For the appellant, *McCarter & English* (*John F. Ryan*, of counsel).

For the respondent, *Francis A. Gordon.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment entered upon a verdict for the plaintiffs in an action tried at the Union Circuit before Judge Thompson, to whom it had been referred. At the trial there was evidence to the effect that on May 29th, 1929, the plaintiff Martha Weh, the wife of the other plaintiff, was seriously and permanently injured as the result of a collision between the motor bus of the defendant, negligently operated by its servant, and a Ford sedan in which she was riding.

We now deal with the only questions argued.

We think that the trial court did not err in refusing to grant defendant's motion to strike out the testimony of Dr. Christopher C. Beling with regard to intercranial injury on the ground that there was nothing with reference thereto set forth in the plaintiff's bill of particulars.

It is contended on the one side, and denied on the other, that the question is not raised in the record in a manner justifying us in dealing with it; but we incline to think and assume that it is, and now proceed to consider it.

We think that the trial judge was right.

He pointed out, and we point out in passing, that the complaint averred that, through the defendant's negligence, the plaintiff Mrs. Weh was severely injured, cut and bruised about the head "and more particularly, suffered a concussion of the brain" and "nervous shock."

Now in the bill of particulars, in answer to the question "did you sustain any permanent injury?" the plaintiff answered, "nervousness and heart trouble, resulting from shock and concussion of the brain * * *."

The plaintiff at the trial, after proving, among other things, the severe blow and cut on the head which Mrs. Weh received in the collision, followed by shock and severe nerve and heart disturbance, proceeded to examine Dr. Beling who had qualified as an expert and who had made a complete neurological and physical examination of her. In answer to a hypothetical question, he testified that Mrs. Weh "is suffering from the resulting intercranial injury."

Thereupon counsel for the defendant remarked: "I do not believe that the bill of particulars in this case is sufficient to warrant that answer. * * * My point is that there is nothing in here concerning the intercranial injury."

Then the court remarked: "Both the complaint and the bill of particulars refer to a head injury and concussion of the brain."

And then the trial judge put this question to the doctor:

"Q. I might ask the doctor if concussion of the brain, in medical science, would be considered intercranial injury? A. Yes, sir; the brain is within the cranium."

The court: "Then I will allow the question."

The doctor further testified: "The nerves of the heart take their origin from the lower part of the brain."

It will be noted that the court's ruling was based, at least in part, upon the testimony of the doctor that "concussion of the brain" was an "intercranial injury."

The defendant seems to contend in effect that "intercranial injury" and "nervousness and heart trouble resulting from

* * * concussion of the brain" are unrelated matters, but the testimony is to the contrary of that contention, and we think naturally so.

Certainly, considering the substance of the doctor's testimony, the trial judge was quite justified in refusing to strike it out upon the ground stated, for we believe the language of the bill of particulars was amply sufficient to give notice of the claim which plaintiff proposed to set up at the trial as required by the case of *Lee* v. *Heath,* 61 *N. J. L.* 250.

The remaining point to be considered is that the trial judge erred in denying defendant's motion that Doctor Beling's testimony should be stricken out on the ground that the doctor, in reaching his conclusion that Mrs. Weh was suffering from intercranial injury, relied at least to some extent upon the history of the case given to him by her.

To this contention it is a sufficient answer to point out that the testimony of the doctor shows that he did not rely upon the history in forming his conclusion as to the nature of her injuries. He made a thorough neurological and physical examination of her. He testified that as a result of his personal examination of her, he found that she had "a lesion of the brain"—"an intercranial injury;" that he did not take any history of the case into consideration in ascertaining "what her condition was." It follows that the trial judge was justified in finding, as he did, that the doctor did not rely upon the history of the case in forming his conclusion as to the nature of the plaintiff's injury, and so was amply justified in denying the motion to strike in view of the ground upon which the motion was based.

The judgment below will be affirmed, with costs.

*For affirmance*—The CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.