ISRAEL GREENBERG, PLAINTIFF, v. JOHN H. HENDRICK-
SON, DEFENDANT.

Decided May 5, 1933.

Before HENRY H. ELDREDGE, Circuit Court judge.

For the plaintiff, *Stanley K. Heilbron.*

For the defendant, *John Meirs.*

ELDREDGE, C. C. J. The first count of the complaint in the
above entitled suit alleges that on November 15th, 1930, one
Harry W. Mount was indebted to the plaintiff in the sum
of $2,710, and to secure the payment of that amount, he
executed and delivered to the plaintiff a chattel mortgage on
his goods and chattels located in Hamilton township, Mercer
county. This mortgage was duly acknowledged and recorded,
and among the chattels included in the mortgage were four
Holstein cows alleged to be of the value of $1,000. The com-
plaint further alleges that on November 19th, 1930, the de-
fendant in the present suit, with full notice and knowledge
of the plaintiff's mortgage, unlawfully and maliciously car-
ried away the Holstein cows and converted them to his own
use, to the great damage of the plaintiff. He then demands
the sum of $1,000 damages.

The second count alleges ownership in the cows on the part

of the plaintiff, their subsequent conversion by the defendant, and demand the same amount of damages.

The answer sets up six separate defenses, all of which except the first are attacked by the plaintiff.

The second defense alleges that no demand in writing was made upon the defendant prior to the commencement of the action.

The third defense alleges a general authority given by the mortgagee (plaintiff) to the mortgagor to sell, and states that thereunder numerous sales have ben made.

The fourth alleges that with the knowledge and consent of the plaintiff, the mortgagor had made such sales and that the plaintiff, knowing and/or being party to such sales or some of them, had suffered, permitted and allowed the mortgagor to sell the goods and chattels covered by the mortgage.

The fifth defense alleges that the plaintiff had consented to and been a party to such sales of goods covered by the mortgage in an amount in excess of the whole amount claimed to have been due, which amount must be credited as payment of such alleged chattel mortgage.

The sixth defense alleges that the mortgagor had, on December 20th, 1932, filed a petition in bankruptcy and on that day had been adjudicated a bankrupt, whereby exclusive jurisdiction and control over all property and estate of the bankrupt and over all property owned and sold by him within four months prior to the adjudication became vested in the United States District Court.

Considering these defenses in their order, we think that the second defense must stand if amended as suggested in the brief for the defendant. "A purchaser of mortgaged property from a mortgagor acquires the right of the mortgagor but no greater rights * * *. He has a legal title to the property and is entitled to possession until the right is cut off either by judicial foreclosure or by sale in accordance with the terms of the mortgage." 11 *C. J.* 692. Further, it has been held that where a mortgagee provides that the mortgagor shall not sell or reserves the right to take possession if a sale is

made without his consent, a purchaser with notice· who converts the property to his own use is liable to conversion, and demand is not necessary, but where a sale of itself does not constitute a conversion and the purchaser is therefore lawfully in possession of the property and does not act inimical to the rights of the mortgagee, he is not liable for conversion without a demand and refusal to deliver. *Mausert* v. *Mutual Distributing Co.,* 92 *N. J. L.* 190; 104 *Atl. Rep.* 203. Other defenses having alleged consent on the part of the mortgagee, we think that this defense should not be stricken, in order that by proof of the transaction it may be determined whether or not notice was required.

The third and fourth defenses allege that the mortgagee had given either his express or implied consent to the sale of the cows in question and other articles covered by the said mortgage. These defenses appear to the court to be substantial. There may be in them what counsel for the plaintiff calls legal conclusions, but if so, such conclusions are mere surplusage and the two defenses may stand.

The fifth defense should be stricken, except so far as it alleges that the defendant was a purchaser for value. This defense appears to the court to involve the marshaling of assets, an equitable doctrine furnishing no defense to the present suit.

The sixth defense may be stricken. This suit is not against the mortgagor, the bankrupt referred to, but is against an alleged purchaser from him. Consequently, the mortgagor bankrupt no longer has an interest which passed to his trustee, and his bankruptcy is not here involved.

An order will be made in accordance with the above stated views.