CHARLES EGGERT, PLAINTIFF-RESPONDENT, v. MUTUAL GROCERY COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the plaintiff-respondent, *Kearns & Bruder*.

For the defendant-appellant, *Coult, Satz & Tomlinson*.

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review a judgment entered for the plaintiff-respondent, hereinafter called plaintiff, against the defendant-appellant, hereinafter called defendant; in the sum of $12,950, for personal injuries sustained by the plaintiff in falling into an elevator shaft which was maintained by the defendant in a building of which it was in possession.

This appeal is based on three grounds:   (1) The trial court erred in refusing to order a judgment of nonsuit in favor of the defendant against the plaintiff, though requested

to do so by the defendant's attorney. (2) The trial court erred in refusing to direct the jury to return a verdict in favor of the defendant against the plaintiff, though requested so to do by the attorney of the defendant. (3) Alleged error in charging the jury of "what is a reasonable place, &c." But since this reason is not argued and therefore considered abandoned (*Marten* v. *Brown,* 81 *N. J. L.* 599; *Bahrey* v. *Poniatishin,* 95 *Id.* 128) it will serve no useful purpose to set forth the charge complained of in detail.

The first and second grounds of appeal are submitted together. We find no difficulty in disposing of the first ground of appeal. Suffice it in this respect to point out that the testimony as to lights, the manner of the operation of the elevator and guard gate, at the time of the accident, all tended to establish the negligence of the defendant. This conclusion is not seriously challenged. Assuming, says in effect, the defendant, that a jury question of proximate causation was raised by the testimony on this feature of the case, nevertheless, the plaintiff was guilty of such contributory negligence that the court, as a matter of law, should have directed the jury to return a verdict in favor of the defendant and against the plaintiff. The disposition of the second ground of appeal is less free of difficulty.

The facts before the court at the close of the case were as follows: The Mutual Grocery Company (defendant) rented store premises at the corner of Blackwell and Morris streets, Dover, New Jersey. In addition to the store it also rented a portion of the second floor for office space and the whole of the third floor, which it used for bakery purposes. There was an old type elevator in the building which was entirely under the control of the defendant. The elevator was reached by a side entrance on Morris street. There was a step or platform between the street door and the guard door at the shaft. This step or platform was elevated, a foot above the outside level, but was level with the step or platform when the elevator was at that floor. It was operated by power and was started and stopped by a rope. Most of the time the elevator was in charge of an employe of the defendant, one, John C. Gaffney.

The guard gate to the elevator was supposed to automatically rise and drop as it reached or left a floor stop. It usually, but not always, worked.

The plaintiff was employed by a milk concern and was accustomed to call with a truck at the defendant's place in the very early hours of the morning, between three and four o'clock, with fresh milk, and, at the same time, take away the empty bottles of the previous delivery. According to the testimony, the custom was to leave the empty bottles in a paper box on the floor of the elevator, at the left as one entered. With the bottles was always a note on a piece of paper stating how many bottles were needed for the day's delivery. The plaintiff and another man who drove the truck and worked with him, knew all about this and plaintiff was accustomed to open the outer door, which was left unlocked, and go to the elevator, obtain the bottles and note, bring them out to the truck, read the note and deliver the required number of bottles. Sometimes the elevator was not at that floor, and in such case, they would call up to Mr. Gaffney who would send the elevator down to the ground floor with the empty bottles aboard. Shortly after three o'clock in the morning on October 12th, 1931, Mr. Gaffney says he went up in the elevator and that the electric light bulb at the top of the shaft was lit. That about four o'clock in the morning on the same day, while it was still dark, the truck stopped at the premises and the plaintiff went in the outer door, not having any light with him (although there was a flash light carried on the truck for various purposes, such as, "if we are in a new place, we use it, &c." Plaintiff said: "I stepped up on the step, I made two steps, and I reached for the guard gate. I slipped and fell because it wasn't there."

The injuries sustained by the plaintiff were serious. He was confined in the hospital on the first occasion for five months and on the second for five weeks. He has a twenty-five per cent. permanent disability. His medical and hospital expenses amounted to $1,194.75.

On the evidence aforesaid was it sufficient to go to the jury on the question of the plaintiff's contributory negligence?

We think that there was sufficient evidence presented so that it could not be correctly or legally said that the minds of reasonable men might not differ with respect thereto.

The defendant strongly urges the application of the general rules of law which hold that (a) "a person who finds lights turned off in a passageway which he knows to be dangerous, and attempts to pass through without first having lights turned on, it being so dark that he has to 'grope his way' is guilty of negligence and cannot recover for injuries resulting from the dangers of the way of which he had knowledge." And (b) "a person, being *sui juris,* who undertakes to use a dangerous way, with full knowledge of its unsafe condition, assumes the risk of injuries which may result to him from such use." *Saunders* v. *Smith Realty Co.,* 84 *N. J. L.* 276; *Gleason* v. *Boehm,* 58 *Id.* 475; *Vorrath* v. *Burke,* 63 *Id.* 188; *Smith* v. *Van Sciver,* 58 *Id.* 190, and inferentially, *Fort* v. *Reid Ice Cream Co.,* 98 *Id.* 559. There can be no quarrel with the soundness of the law established by these cases. The question is are they applicable to the instant case?

In the case of *Saunders* v. *Smith Realty Co., supra,* the plaintiff was a mere licensee and not an invitee as was the plaintiff in the instant case. Saunders had "full knowledge" that the elevator was not protected; Saunders had to grope his way from the front to the rear and back again, depending for guidance upon keeping his hands on the cellar wall. None of these elements is present in the case before us.

In the case of *Gleason* v. *Boehm, supra,* the plaintiff was a visitor of a tenant and the defendant was the owner of the building. The court, in that case, held, that there was no duty on the landlord to provide lights for the stairway and that the plaintiff could not recover because she went into a place "unfamiliar to her." She had never been in the house before, and in so doing was guilty of negligence in not exercising the required care for her own safety. In the instant case, the defendant was under a duty to the plaintiff as an invitee, and he, the plaintiff, was thoroughly familiar with the place.

In the case of *Vorrath* v. *Burke, supra,* the weight of

counter-balancing a door covering a cellar stairway in a tenement house became detached without the landlord's knowledge. A girl of twelve years, daughter of a tenant, having full knowledge of this condition, undertook to raise the door and descend the stairway and in so doing was injured. The court held that: "The question here is not exactly that of negligence, but rather of the assumption of an obvious risk." The plaintiff in the instant case, did not assume the risk of an open elevator shaft, but it was rather in his endeavor to be secured against such a risk that he was injured.

In the case of *Smith* v. *Van Sciver, supra,* the plaintiff was engaged in taking up brick and mortar by an elevator up into the building. After the elevator had been unloaded by means of a wheelbarrow operated by the plaintiff, on and along a narrow plank leading from the elevator to the scaffolding where other workmen were engaged, he walked "hurriedly backwards" along the plank, without looking to see whether the elevator had descended or not, and fell into and down the shaft. The facts are so distinguishable from those under consideration that it clearly has no application.

In the case of *Ford* v. *Reid Ice Cream Co., supra,* defendantappellant argues that since the court among other things said: "The question of contributory negligence of the plaintiff was clearly for the jury. In the absence of any knowledge or reason to know that there was an open hole at that point he was not required as a matter of law to keep his eyes on the floor." It may be inferred from this that if the plaintiff had knowledge of the fact that there might be an open hole at that point, and he nevertheless proceeded, he would have been guilty of contributory negligence. This court affirmed the opinion of the Supreme Court which upheld the action of the trial judge in refusing to direct a verdict on the ground of contributory negligence. On page 561 of the same case, the court also held:

"We have no hesitation in saying that, under the circumstances, the jury were clearly entitled to say that he was invited there, and were entitled to infer negligence of the defendant from the fact that the elevator was not in place, and

that no provision was made to guard against anyone falling into the shaft when it was out of place. It does appear that there were collapsing gates at the entrance of the shaft and that they were out of order and not in use."

The following cases throw some interesting light on the instant case of contributory negligence.

In the case of *Gordon* v. *Cummings,* 152 *Mass.* 514, cited with the approval of this court in *Buchanan* v. *Central Railroad Co.,* 79 *N. J. L.* 586, the plaintiff, Gordon, was a letter carrier, who, on a dark evening, attempted to deposit a letter in a tenant's box; the place was dimly lighted and as he felt his way along he stepped into an open elevator shaft unprotected by the chain and it was held that the jury might properly find negligence on the part of the owner and due care on the part of the letter carrier. There is a striking similarity of facts in the Massachusetts case and the case at bar. The elevator shaft opened directly on the street about twenty inches back of the street line. The threshold was about eight inches higher than the sidewalk. Next to the doorway leading into the elevator shaft was another entrance of about the same dimensions and construction which led up to the hallway. The elevator shaft was guarded by a chain and by a door which slid up and down. On the evening of the accident the guard door was up and open and the chain unhooked. It was quite dark and foggy. There was no light outside the building although there was a gas light sixty feet away and an electric light one hundred and twenty feet distant. The plaintiff intended to enter the entrance leading into the hallway, but instead stepped into the elevator entrance, he put his hand and knee forward to see if the chain or guard door were in place and fell into the shaft. The Massachusetts court held that the plaintiff had the right to suppose that the shaft would not be left unlighted and unenclosed by any barrier when the elevator was not in use and that it was for the jury to decide as to whether or not the defendant was careless in the management of the premises. As to the question of contributory negligence the court held that it was likewise for the jury to consider, there not being conclusive evidence of

contributory negligence but sufficient evidence of due care on the part of the plaintiff even though the plaintiff knew the character and description of the premises, had passed there many times and was aware of the proximity of the two entrances. In the case of *Napodensky* v. *West Jersey and Seashore Railroad Co.*, 85 *N. J. L.* 336, Mr. Justice Minturn held:

"Negligence is not an *ex cathedra* pronouncement with which an act may be arbitrarily branded in the abstract as the judicial eye may conceive it. It presents a concrete proposition for a jury to solve, where the facts vary, as narrated by opposing witnesses, and from which different minds may conjecture differently, as they may view the conduct of a man in a difficult or trying situation, harrassed and confused in the compass of seconds, with conflicting and contending views for self-preservation and deliverance, from a zone of danger, in which he is charged by law with the natural duty, presumably uppermost in his mind, of observing due care for himself and his property.

"Negligence in such circumstances becomes a relative term, incapable of exact determination, except upon consideration not only of the facts, but of all the circumstances, and in view of the entire environment in which the actor is placed. *Kingsley* v. *Delaware, Lackawanna and Western Railroad,* 52 *Vr.* 536.

"The true and practical solution of such a situation and the legal characterization of the acts of a man so jeopardized must necessarily present a jury question, under proper instruction from the court defining the legal responsibility of the parties concerned. *McCool* v. *West Jersey and Seashore Railroad Co.*, 52 *Vr.* 479.

"This rule of substantive law has been the subject of frequent reiteration by this court to the effect that where the plaintiff has rested his case, and the evidence leaves the question of his contributory negligence in doubt, the determination of the question of the negligence of the defendant presents an issue of fact which must be submitted to the jury. *Brewster* v. *New York Central Railroad Co.*, 51 *Vr.* 447;

*Dickinson* v. *Erie Railroad Co.,* 52 *Id.* 464; *Anderson* v. *Public Service Corp., Ibid.* 700."

In the case of *Steinberg* v. *Bogatin Dyers and Cleaners,* 105 *N. J. L.* 294, Mr. Justice Minturn held (at *p.* 317) :

"It has been uniformly held in this country and in England that in an action for negligence, as in other actions, it is for the judge to say whether there is any evidence of negligence at all to go to the jury, and as it has been tersely remarked in one of the cases 'it is for the judge to say whether negligence can be legitimately inferred from the facts in evidence, and it is for the jury to say whether it ought to be inferred under the circumstances.' *Daniels* v. *Metropolitan Railway Co.,* 5 *E. & I. App.* 45; *Metropolitan Railway Co.* v. *Jackson,* 47 *L. J. H. L.* 303; *Mayes* v. *Splitdorf Electrical Co.,* 94 *N. J. L.* 460."

In the case of *Mayes* v. *Splitdorf Eletcrical Co., supra,* Mr. Justice Trenchard held :

"Where the existence of contributory negligence upon the part of the plaintiff depends upon the conclusion to be reached from a variety of circumstances considered in their relation to and their reaction upon each other the jury and not the court is normally the tribunal to draw such conclusion."

To like effect is *Sutton* v. *Bell,* 79 *Id.* 507.

In the case of *Casey* v. *Atlantic City and Shore Railroad Co.,* 100 *N. J. L.* 376, Mr. Justice Campbell (now chancellor), said, *inter alia:* "Contributory negligence is nearly always a question of fact, requiring the finding of the jury thereon."

In *Steinberg* v. *Bogatin Dyers and Cleaners, supra,* the plaintiff, an electrician, was injured by falling into a pit containing hot water, situated in an unlighted passageway, which he had used for several weeks while performing work for the defendant. Mr. Justice Minturn held :

"The legal rule in situations of this character is settled by a number of adjudications in this court and in the Court of Errors and Appeals, and it is to the effect that where the existence of negligence upon the part of the defendant and of contributory negligence upon the part of the plaintiff

depends upon a conclusion to be reached from a variety of circumstances considered in their relation to one another, the question presented is one of fact for the jury to determine, and not for the court to consider."

· The refusal of the court to grant a nonsuit was affirmed.

In the case of *Woods* v. *Public Service Co.*, 1 *N. J. Mis. R.* 503 (not officially reported), the plaintiff, a waitress, was injured by falling through a trap door in the rear of the restaurant, left open by an agent of the defendant. The verdict was sustained.

In the case of *Polgar* v. *Kantor*, 3 *N. J. Mis. R.* 1122 (not officially reported), a tenant brought suit for injuries received by slipping on a wet floor and falling downstairs and in which the court held: "The mere fact that the plaintiff knew that the roof was defective, and that water leaked through during stormy weather, would not, *ipso facto*, justify the court, as a matter of law, in finding that plaintiff assumed the risk or was chargeable with contributory negligence in using the premises under the conditions."

In the case of *Heimroth* v. *Walsh*, 7 *N. J. Mis. R.* 914 (not officially reported), plaintiff was in the defendant's hotel for the purpose of making repairs. Defendant was the lessee and the hotel was open and doing business. Plaintiff had occasion to go onto the roof and attempted to enter the elevator at the first floor. He stepped in and fell down the shaft, the elevator cage not being at the first floor. The verdict was sustained and he was held not guilty of contributory negligence.

In the case of *Carroll* v. *Seaman*, 8 *N. J. Mis. R.* 19 (not officially reported), an actress sustained injuries by falling into the theatre music pit. The verdict was not disturbed.

In the case of *Nightengale* v. *Public Service Co-ordinated Transport Co.*, 8 *N. J. Mis. R.* 238 (not officially reported), the court (at *p.* 239) said:

"Starting in with the legal propositions: (1) It is settled law that the court will not grant a nonsuit if there is any testimony tending to show there was negligence on part of the defendant; (2) that unless it clearly appears on part of the

plaintiff's case that his negligence was proximately contributory to the defendant's negligent act a nonsuit cannot be legally granted. The burden of establishing contributory negligence is upon the defendant. (3) A trial judge cannot legally direct a verdict for the defendant unless it appears from the testimony offered, on behalf of defendant, or from all the evidence in the case, that there is a legal bar to the plaintiff's right of recovery. Where the defendant's testimony merely raises a question of fact, the case must go to the jury."

Great stress is laid on the fact that although there was a flashlight on the truck, nevertheless, the plaintiff did not, upon finding the place of entry dark, return to the truck, get the flashlight and then have the use and benefit thereof. We think that plaintiff's failure to do so is not conclusive proof of contributory negligence on his part. We are of the opinion that this circumstance was merely one of all of the facts and circumstances from which the jury was called upon to determine whether the plaintiff, at the time of the accident, while in the performance of his particular work, acted as a reasonably prudent person would have acted under similar circumstances or whether he acted negligently and that negligence was proximately contributory to the defendant's negligent act. A careful study of all the exhibits and of all the evidence in the case leads us to the conclusion that plaintiff's conduct in the premises was not sufficient to constitute, as a matter of law, a bar to his right of recovery. The case was properly submitted to the jury.

Judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.