HARRY REIN, PLAINTIFF-RESPONDENT, v. THE TRAVELERS INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted October 28, 1938—Decided January 13, 1939.

566

For the appellant, *John C. Stockel.*

For the respondent, *Paul W. Ewing* (*George L. Burton,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The basic question requiring decision is whether, under the particular proofs in the case at bar, the trial judge erred in permitting the amendment of the *ad damnum* clause of each of the six counts of the complaint thus entitling plaintiff to recover installments of benefits which had accrued between the commencement of the action and the day of trial and also to recover premiums paid between the same period.

Between the years of 1922 and 1926 plaintiff purchased six policies of life insurance of defendant. Each policy contained a provision which required defendant to pay monthly disability payments therein provided in case plaintiff "* * * has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit * * *." And by this provision defendant further agreed "to waive the payment of any premiums which may fall due on this contract during such disability * * *." The monthly disability payments were $50 each under five policies and $25 under the sixth policy.

On April 7th, 1936, plaintiff became afflicted with a heart disease. Thus, on October 16th, 1936, he filed a claim with defendant for the disability payment under his policies and for a waiver of payment of premiums thereunder. Defendant refused the claim. Whereupon plaintiff on February 17th, 1937, instituted suit against the defendant to enforce payment thereof for the period from September 7th, 1936, to February 17th, 1937. Plaintiff's complaint consists of six counts. Each policy forms the basis for one count. By the *ad damnum* clause in each count plaintiff claimed $500 as his damages for both his disability payments and for the premiums which he continued to make to defendant in order to keep the policies effective. Defendant defended the suit upon the ground that plaintiff was not disabled within the provision of its several policies. On the complaint as filed for plaintiff and the defense thus raised thereto, the cause came on for trial on April 20th, 1938; and it took four trial days to try it. But it was not until the second trial day and not until plaintiff had almost concluded his case, that the trial judge, over objection, permitted plaintiff to amend the *ad damnum* clause of each count of the complaint from $500 to $2,500 to include disability payments and return of premiums between the commencement of this action (February 17th, 1937) to the day of trial (April 25th, 1938). The grounds upon which the trial judge permitted the amendment were that it would not "change the merit of the litiga-

tion," that it "merely changed the quantum of damages" and that the amendment was proper "if for no other reason than to avoid a multiplicity of suits." The verdict of the jury, and the judgment based thereon in favor of plaintiff and against defendant includes the damages, $7,910.86 and costs, for the period embraced by the amendment.

Defendant in attacking the judgment under review no longer argues that the trial judge erred in refusing its motions to nonsuit and to direct a verdict in its favor; the grounds embracing these motions are, therefore, treated by us as having been abandoned. *Marten* v. *Brown,* 81 *N. J. L.* 599; 80 *Atl. Rep.* 476; *Eggert* v. *Mutual Grocery Co.,* 111 *N. J. L.* 502, 503; 168 *Atl. Rep.* 312. Defendant's attack is now principally confined to the contentions that the trial judge erred in permitting the stated amendment and in the admission of expert medical testimony.

1. *As to the amendment.* It is, of course, well settled that in actions at law, except in cases of attachment (*Devlan* v. *Wells,* 65 *N. J. L.* 213; 47 *Atl. Rep.* 467), no claim maturing after suit brought can be included in the judgment. *Felt* v. *Steigler,* 69 *N. J. L.* 92; 54 *Atl. Rep.* 243; *Titus* v. *Gunn,* 69 *N. J. L.* 410; 55 *Atl. Rep.* 735; *Holzapfel* v. *Hoboken Manufacturers Railroad Co.,* 92 *N. J. L.* 193 (at *p.* 195); 104 *Atl. Rep.* 209; *Dolin* v. *Darnall,* 115 *N. J. L.* 508 (at *p.* 510); 181 *Atl. Rep.* 201. And in the absence of an agreement between the parties to the contrary this rule of law is applicable even "in case of an installment contract." *Holzapfel* v. *Hoboken Manufacturers Railroad Co., supra. Cf.* 1 *C. J.* 1148-1150, §§ 389, 392, 393. But these principles do not answer the question here requiring decision. Was the amendment properly allowed? Conceding the broad general power of amendment under our Practice act (formerly paragraphs 23 and 24, chapter 231, *Pamph. L.* 1912, now *R. S.* 2:27-158 and 2:27-132, respectively), and rules of court (Supreme Court rule 94), to the end of facilitating business and advancing justice, we have held that "substantive common law" principles cannot be abrogated by this power which relates merely "to practice, to methods of procedure rather

than to rights of action." *Holzapfel* v. *Hoboken Manufacturers Railroad Co., supra.* We are entirely satisfied that the permitted amendment trenched upon substantive common law principles. Nothing in the several policies is brought to our attention indicating that a single default or a number of defaults operated to breach the entire contract. Thus "each default would only affect the rights and liabilities of the parties to the specific payment involved." *Summers* v. *Prudential Insurance Company of America (S. C. of Pennsylvania,* 1935), 179 *Atl. Rep.* 78, and cases therein cited. The amendment, under the circumstances exhibited, did not, in our opinion, affect merely matters of procedure, form or convenience; but rather did it affect substantial rights. It was error to permit the amendment. The judgment must be reversed but only to the extent hereinafter indicated.

2. *As to the admission of expert medical testimony.* Dr. Estelle Kleiber, an expert on heart disease, testified for plaintiff. The objection to her testimony is that she took a history from plaintiff as to his symptoms. *Sandford* v. *The Chanaz Co.,* 117 *N. J. L.* 485; 189 *Atl. Rep.* 670. It is true, she admitted the fact, that she took plaintiff's history as to his symptoms. But the trial judge allowed her merely to testify to that fact; he did not permit her to testify as to the symptoms given to her by plaintiff. As a matter of fact, she testified that she "did not rely" upon that history. She testified to the several physical and scientific examinations that she made of plaintiff. She described in detail as to just what she did and found. From that testimony it appears, among other things, that she examined plaintiff thoroughly; she examined him both before and after he exercised; she examined him after he was in a cold room and after he was in a warm room; she took cardiograms of plaintiff's heart under these varying conditions; and she administered a nitroglycerin pill to plaintiff in order to ascertain whether it would relieve plaintiff's pain. It was upon such testimony, independent of the plaintiff's history, that she based her opinion. It was, therefore, free from objection. *Weh* v. *Peoples Rapid Transit Co.,* 109 *N. J. L.* 317; 162 *Atl. Rep.* 626.

There is no merit to the other points argued.

The judgment under review must be reversed. The reversal, however, is limited solely to the damages awarded. These damages are easily separated; they are a mere matter of computation. The cause is, therefore, remanded to the court below with directions that the damages as of the day of the suit, February 17th, 1937, be computed and as so computed judgment be entered in favor of plaintiff and against defendant. No costs are allowed to either party.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, JJ. 14.