Plaintiff moves for an order pursuant to Rule 3:15-4 granting leave to her to file a supplemental complaint setting forth facts which occurred after the commencement of the action.
In the action, which was commenced on February 5, 1948, plaintiff as assignee of Durex Products, Inc., sued to recover on a note in the amount of $500, alleged to have been executed on November 5, 1947, by the defendant and payable to Durex Products, Inc., on February 1, 1948. Defendant interposed an answer and the suit is at issue.
In seeking to file a supplemental complaint, plaintiff wishes to add to the relief originally demanded a claim for a note alleged to have been executed and delivered by the defendant on November 5, 1947, in the sum of $500 to Durex Products, Inc., and payable on November 1, 1948, and which note was assigned to the plaintiff on July 1, 1949. Counsel for the defendant objects to the filing of the supplemental complaint and presents to the court an affidavit of defendant which asserts that he no longer is a resident of this state but is now a resident of the State of Florida and has been such for the past several months.
The question for consideration, therefore, is whether a new and distinct cause of action may be introduced into a case by a supplemental complaint.
Rule 3:15-4 provides as follows:
"Supplemental Pleadings
Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."
This rule is similar to Federal Civil Rule 15 (d) and is the same as the old Supreme Court Rule 44, except that it provides for service of the pleading.
It is well settled that in actions at law commenced by summons no claim maturing after suit is brought can be included in the judgment. Felt v. Steigler, 69 N.J.L. 92 *Page 625 
(Sup. Ct. 1902); Titus v. Gunn, 69 N.J.L. 410 (E. A.
1903); Holzapfel v. Hoboken Manufacturers' Railroad Co.,92 N.J.L. 192 (E. A. 1918). Conceding the broad general power of amendment and supplement under our rules (3:15-1, 3:15-2, 3:15-3 and 3:15-4), Grobart v. Society for Establishing UsefulMfrs., 2 N.J. 136 (Sup. Ct. 1949), to the end of facilitating business and advancing justice, "substantive common law" principles cannot be abrogated by this power which relates "to practice, to methods of procedure rather than to rights of action." Holzapfel v. Hoboken Manufacturers' Railroad Co.,supra; Rein v. Travelers Insurance Co., 121 N.J.L. 565, at 568 (E. A. 1938); but see City of Texarkana v. Arkansas,Louisiana Gas Co., 306 U.S. 188, 59 S.Ct. 448,83 L.Ed. 598.
The proposed supplemental complaint would trespass upon substantive common law principles. Nothing is brought to my attention indicating a default in the first note would operate as a default of the second note. Thus, "each default would only affect the rights and liabilities of the parties to the specific payment involved." Rein v. The Travelers Insurance Co., supra.
The proposed supplemental complaint does not affect merely matters of procedure, form or convenience, but rather does it affect substantial rights. The new matter pleaded in a permissible supplemental complaint should have some relation to the original cause of action and should not constitute a separate, distinct and new cause of action. Berssenbrugge v.Luce Mfg. Co., 30 Fed. Supp. 101. A fortiori, where, as in the present case, the new cause of action attempted to be added by supplement was assigned to the plaintiff subsequent to the original action. A party should not escape the obligation to follow the usual processes of the court by introducing a new, independent and distinct suit into a pending case in this informal manner.
Motion denied. *Page 626