## Monitor Mutual Fire Insurance Company *vs.* Darius Young.

If the habit of dealing between an insurance company and an insurance broker has been for the company to deliver policies to the broker, and charge him with the premiums, and for him to collect the premiums and account for them monthly to the company, the company may maintain an action for money had and received against the broker to recover the amount of premiums he has collected on policies, although the company was insolvent when the policies were issued; but it cannot maintain such action against him to recover the amount of premiums which have not been paid on the policies delivered to him, although he has not returned the policies.

Contract by an insurance company for money had and received, to recover the premiums on four policies issued by the plaintiffs, two in December 1870, and two in January 1871.

At the trial in the Superior Court, before *Scudder*, J., it appeared " that the defendant was a general insurance broker, not acting in behalf of any particular company; that he procured the policies in question for the assured, signing their names to the applications therefor, and appending to the signatures the words, ' By D. Young & Company,' which was the name under which he did business; and that the cash premiums were charged to him in the books of the company at the time the policies were delivered to him."

The plaintiffs offered evidence tending to show that there was " a general usage among mutual insurance companies, in regard to policies issued upon applications brought to them by brokers

or agents, to charge the cash premiums to such brokers or agents, and to make no charge upon their books to the assured ; that this usage was known to the defendant, and his dealings with the plaintiffs and with other companies were in accordance with this usage ; and that he had been bringing applications to the plaintiffs for more than a year, making monthly settlements in which he had always been charged individually (he making no objection to the form of the charge) with the cash premiums due on policies issued upon applications procured by him, and credited with them when paid ; or, if the policies were not taken by his principals, and were returned within a reasonable time, he was credited with them, the entry on the books of the company being ' Credit by policy returned.' " The defendant objected to evidence of any such usage as being in violation of the rule of law, that an agent disclosing his principal is not personally liable, and contended that, as the principals were disclosed, they alone were liable for the premiums, there being no express agreement on the part of the defendant to pay them ; but the evidence was admitted.

There was evidence tending to show that the two policies issued in December were delivered by the defendant to the assured, and the cash premiums paid to him and not paid by him to the plaintiffs ; and that the policies issued in January were refused by the assured, and no cash premiums were paid the defendant for them ; but there was no evidence tending to show that any of the policies were ever returned to the plaintiffs. It appeared that at the time the policies were issued the plaintiffs were insolvent, and were known by their officers to be so.

Upon the evidence and facts above stated, by consent of parties, the judge reported the case before verdict, for the consideration of this court, it being agreed " that if upon all, or so much thereof as was admissible, the plaintiffs were entitled to recover, judgment should be entered for them for the amount claimed, or such part thereof as might be due, with interest from the date of the writ ; otherwise for the defendant."

*W. G. Colburn,* for the plaintiffs

*G. E. Betton,* for the defendant

MORTON, J. This is an action of contract for money had and received. The evidence showed that the defendant, an insurance broker, had been in the habit of bringing applications for insurance to the plaintiffs in behalf of others ; and that the practice was, when the company issued policies upon such applications, to charge the cash premiums to the defendant, who collected them of the assured, and accounted for them to the company in monthly settlements. This evidence was competent to show a course of dealing between the parties, the effect of which was to make the defendant the agent of the plaintiffs for the purpose of collecting the cash premiums of the assured. It is clear that the company could not recover them of the assured after payment to the defendant, and it is equally clear that the money collected by the defendant of the assured was received by him to the use of the plaintiffs.

The fact that the company was insolvent at the time of issuing the policies in question, was immaterial. It is not necessary to consider whether the assured could avoid their contracts on this ground. If they could, the defendant cannot avail himself of this defence as an excuse for not paying over money in his possession which belongs to the plaintiffs, and to which, so far as appears, no one makes any claim.

The plaintiffs are therefore entitled to recover the amount of the cash premiums received by the defendant for the two policies issued in December 1870. As the evidence shows that the defendant did not receive the premiums on the two policies issued in January 1871, the plaintiffs cannot in this action recover anything on account of such policies.

*Judgment for the plaintiffs.*