FRANK HILL, WHO SUES TO THE USE OF MARY A. FER-
RIS, RESPONDENT, v. ADAMS EXPRESS COMPANY,
PROSECUTOR.

Submitted December 6, 1906—Decided February 25, 1907.

1. Upon review of a judgment rendered in a District Court, either by appeal under the statute (*Pamph. L.* 1902, *p.* 565), or by *certiorari*, what should be contained in the state of the case depends upon the same principles that determine the contents of a bill of exceptions. Where the objection is to the rejection or admission of evidence, it should comprise so much of the case and of the prior evidence as will fairly present the judge's ruling.

2. It is erroneous to permit a witness to use, as a memorandum from which to testify, a document with the preparation of which he had nothing to do.

3. *Held*, erroneous to admit in evidence a receipt or bill of lading purporting to have been given by an express company, there being no legal evidence of its authenticity.

4. A principal is bound by the admissions of an agent only when such admissions are within the scope of the agent's employment or are otherwise authorized by the principal.

On *certiorari* to the Camden District Court.

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Gaskill & Gaskill.*

For the respondent, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

PITNEY, J. This action was brought to recover from the express company the value of a box alleged to have been delivered to it by Miss Ferris, through Hill, as her agent, for conveyance from Camden, in this state, to a destination in Ireland. The bill of lading alleged to have been given upon receipt of the goods was made out in the name of Hill, as shipper. It was (among other things) insisted upon the trial in the District Court that by the terms of this bill of lading the recovery, if any, must be limited to $50, that being the declared value of the goods. Plaintiff recovered a verdict and judgment for $300 on the basis of the actual value of the goods.

The reasons assigned for reversal relate to the proceedings at the trial.

It is objected *in limine* by the respondent that the return to the writ of *certiorari* is improper. Besides the formal return, which includes merely the strict record of the judgment in the District Court, and which makes no mention of points of law controverted at the trial, there appears before us a certificate, under the hand of the District Court judge, certifying as a state of the case a transcript of testimony taken at the trial, which embodies the objections noted to the rulings of the judge. There is nothing to show that this transcript is incomplete or incorrect. As it is certified by the District Court judge, we must assume, in the absence of a

suggestion of diminution in the record, or an application for an order to require a further return, that what the judge certifies is both correct and complete. Under the former practice, the proceedings at the trial were not returned on *certiorari*, except where this court, by its order, called for such a return. *Smart* v. *North Hudson County Railroad Co.*, 37 *Vroom* 156; *South Brunswick* v. *Cranbury*, 23 *Id.* 298; *North Plainfield* v. *Goodwin*, 43 *Id.* 146; *Rahway* v. *Hunt*, *ante p.* 116. But now, by statute (*Pamph. L.* 1905, *p.* 259), a stenographer may be employed to transcribe the proceedings at the trial of a cause in the District Court and to take down the testimony therein, and the transcript of said proceedings and testimony made by such stenographer may be certified by the judge as the state of the case, to be used on the hearing of an appeal or *certiorari*.

It is objected by respondent that the state of the case should show the evidence upon which the judgment under review was based, and nothing more. Presumably, it does show the evidence upon which the judgment was based. Whether it should show more must depend upon the nature of the legal decision to be reviewed. As pointed out in *Benedict* v. *Howell*, 10 *Vroom* 221, if the objection is to the rejection or admission of evidence, the state of the case should comprise so much of the case and of the prior evidence as will fairly present the judge's ruling. What a state of the case should contain upon review of a judgment rendered in a District Court, either by the statutory method of appeal under *Pamph. L.* 1902, *p.* 565, or by writ of *certiorari*, is to be determined upon the same principles that determine the contents of a bill of exceptions. *Katzin* v. *Jenny*, *ante p.* 135. In the case before us, the reasons relied upon for reversal relate to the admission of certain evidence, over objection by the present prosecutor, and to the refusal of the trial judge to render a finding in favor of the defendant. The state of the case is properly made up to present these litigated questions.

One of the rulings relied upon for reversal is the action of the trial judge in allowing Miss Ferris, against objection,

to look at the plaintiff's declaration in the case for the purpose of testifying whether it contained a correct list of the goods and the value of the goods shipped as alleged. There was nothing to show that the paper was a memorandum made by her, or that she had any hand in its preparation. The ruling is directly contrary to the decision of the Court of Errors and Appeals in *Titus* v. *Gunn,* 40 *Vroom* 410. And since the value of the goods was one of the principal questions in litigation, we think this error, of itself, furnishes sufficient ground for reversal.

One of the points in dispute at the trial was whether the Adams Express Company had ever in fact received the box of goods in question for carriage. In order to prove such receipt the plaintiff offered an alleged bill of lading, said to have been delivered by the express company to Hill through a third party, as his messenger. Hill was permitted to testify, without objection, that his messenger delivered the box to the Adams Express Company. This, of course, was hearsay. Subsequently the receipt was offered in evidence and admitted over the objection that it had not been properly proven. There was no proof of the authenticity of the document other than that Hill had received it from his own agent or driver, presumably the same messenger who had delivered the box of goods to the express company. This, we think, was not a sufficient authentication of the receipt or bill of lading as the act of the company to render the paper admissible in evidence against it. Nor did the telephone conversation, testified to have taken place between Hill and some person at the office of the company prior to his sending the box to the company by his messenger, tend to show that the paper afterwards delivered by his messenger to himself had proceeded from the express company. The admission of the bill of lading in evidence was therefore erroneous.

In order to fix responsibility upon the express company, plaintiff also offered a witness, Mr. Scull, who was permitted, over objection, to give a conversation had between him and an alleged employe of the Adams Express Company, in its New

York City office, some time after the alleged shipment of the box. In this conversation the employe admitted the loss of the box. There was nothing to show that the party making this admission was acting within the scope of his employment, or was in any way authorized to bind the express company by such an admission. The ruling of the trial judge was erroneous, under the decision of the Court of Errors and Appeals in *Huebner* v. *Erie Railroad Co., 40 Vroom* 327.

These errors were not waived, nor were the rights of the defendant at all prejudiced, by the tender made by its counsel at the conclusion of the case. He said: "These defendants tender and are willing to pay the sum fixed upon the face of the receipt which was produced, that is to say, $50, *without admitting any liability.*"

The judgment under review should be reversed, and the record remitted for a new trial.