JOSEPH G. MUNRO vs. CHARLES F. BOWERS, administrator.

Middlesex.    January 7, 1936. — February 25, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

Contract, What constitutes, Construction, Between insurance broker and general agent, Validity, Discharge. Insurance, Premium, Contract between broker and general agent. Trust, What constitutes.

An insurance broker solicited business with an insurance company which, on the issuing of a policy, billed the premium to its general agent, who in turn billed it to the broker, and the broker collected it from the assured. The broker had no direct dealings with the company, but settled his accounts with the general agent semimonthly. The company ceased to do business and cancelled policies, among which were some upon which the broker had received the premiums and the general agent had paid the premiums to the company. The broker thereupon paid the general agent the amount of premiums earned upon the policies at the time of cancellation. The general agent brought an action to recover the entire amount of the premiums received by the broker less such payment made by him and his commissions, and there was a finding for the plaintiff. Held, that the contract between the plaintiff and the defendant created the relation of creditor and debtor between them and did not create a trust between the broker and the company, and the finding was warranted.

The provisions of G. L. (Ter. Ed.) c. 175, §§ 169, 176, did not forbid such a contract between a general agent of an insurance company and an insurance broker.

It was not a defence to the action above described that, upon the cancellation of the policies, the broker had furnished insurance without charge to the assureds named in the cancelled policies or that the broker had made the partial payment to the general agent, which the trial judge found not to have been made in satisfaction of the entire debt.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated October 1, 1934.

The declaration was on an account annexed for $234.97, being the full amount of premiums received by the defendant's intestate in the circumstances described in the opinion, less commissions and payments of premiums earned on cancelled policies. The action was heard by Maloney, J., who found for the plaintiff in the sum claimed. A report

to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*J. J. Flynn*, for the defendant.

*J. H. Beecher*, for the plaintiff.

QUA, J. Munro was a general agent of Lloyd's Insurance Company of America, hereinafter called Lloyd's. The defendant's intestate, one Gould, acted as an insurance broker. Lloyd's, Munro and Gould did business in accordance with an established course of dealing under which Gould solicited business in Lloyd's, and on the issuing of a policy, Lloyd's billed the premium to Munro, who billed it to Gould, who billed it to the assured or collected it from the assured when the policy was delivered. Gould had no direct dealings with Lloyd's, but settled his accounts with Munro semimonthly. Lloyd's ceased to do business and cancelled all its policies. Among the cancelled policies were two upon which Gould had received the full premiums from the persons insured and in reference to which Munro had paid an equivalent amount to Lloyd's in accordance with the established practice. Munro brings this action to recover from Gould's estate the amount so paid.

The judge found that "the relation between the defendant's intestate and the plaintiff was that of debtor and creditor and that, notwithstanding G. L. c. 175, § 176, the defendant's intestate did not hold the premiums in trust for Lloyd's," and found generally for the plaintiff for the full amount of the premiums of the policies, after deducting Gould's commission and a payment previously made by Gould to Munro equal to that portion of the premiums which had been earned before cancellation.

The custom of dealing among the parties was a sufficient basis for a finding that it was understood and agreed that whenever Lloyd's issued a policy which had been solicited by Gould, Munro should pay the full premium to Lloyd's, and that upon such payment Gould should become obligated to pay that same amount to Munro. *Monitor Mutual Fire Ins. Co.* v. *Young*, 111 Mass. 537. *Taylor* v. *Lowell*, 3 Mass. 331, 352. Apparently this is the contract which the judge found. Moreover, the general finding for the

plaintiff imports all subsidiary findings tending to support it which are permissible on the evidence and not inconsistent with special findings made. *Dillon* v. *Framingham,* 288 Mass. 511, 513. It is correct to say that such a contract creates a relation of debtor and creditor. No question of pleading has been raised.

There is nothing in G. L. (Ter. Ed.) c. 175, §§ 169 and 176, which forbids such a contract between a general agent and a broker. Doubtless as between the insured and Lloyd's a payment of a premium to Gould would have been a valid payment by virtue of § 169. But Gould would not hold the premium in trust for Lloyd's under § 176 after Lloyd's had received the amount from Munro in accordance with the understanding of the parties. Nor is there anything in *Union Mutual Casualty Ins. Corp.* v. *Insurance Budget Plan, Inc.* 291 Mass. 62, 69, in conflict with what is here decided. That case did not rest upon any such contract as must now be deemed to have been made between the parties in this case.

The record fails to disclose anything amounting to a discharge or satisfaction of Gould's obligation to reimburse Munro for the payments made by him to Lloyd's for the premiums on the two policies. The cancellation of the policies by Lloyd's did not discharge Gould. See *Monitor Mutual Fire Ins. Co.* v. *Young,* 111 Mass. 537, 539. The fact that Gould's administrator furnished insurance without charge to the assureds named in the cancelled policies did not have that effect. The judge was not obliged to find that the payment by Gould to Munro of the amount of the earned premiums was received in full settlement of Munro's entire claim.

We find no error in the refusal of the defendant's requests for rulings.

*Order dismissing report affirmed.*