JACOB A. MARTI, PLAINTIFF-APPELLANT, v. STANDARD FIRE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 31, 1941—Decided January 9, 1942.

For the plaintiff-appellant, *Joseph T. Lieblich*.

For the defendant-respondent, *Arthur T. Vanderbilt* (*G. Dixon Speakman*, on the brief).

The opinion of the court was delivered by

COLIE, J. Jacob A. Marti appeals from a judgment of nonsuit entered in the Passaic Circuit of the Supreme Court.

The suit was brought by Marti, the plaintiff, against Standard Fire Insurance Company to recover damages for an alleged malicious prosecution. The facts were that about January 1st, 1932, Marti was appointed agent for the Company with power to issue and cancel policies of insurance and to receive and collect premiums, remitting the amount thereof, less his commissions to the Company. Marti was to send to the Company before the 10th of each month a statement of policies written the previous month and remit the balance shown within sixty days of sending the account to the Company. Beginning in October, 1932, Marti fell behind in remitting the amounts shown on the statements and he remained behind for all the months through March, 1933. The state agent of the Company had frequent conferences with Marti, seeking to have him remit the premiums to the

Company. Marti testified that there was not $500 unremitted as the state agent said but $200 or $250. He also testified that his reason for not remitting the premiums was because of the closing of his bank, due to the bank holiday. However, an employee of the bank testified that the balance at the time of the holiday was $183.87. Subsequently the funds in bank amounted to $365.72 against which the bank asserted a lien of $280, which was charged against the account, leaving a balance as of April 6th, 1934, of $85.72. In June, 1933, the agency certificate of Marti was demanded by and surrendered to the Company. Subsequent to the surrender of his certificate of authority Marti collected premiums on policies issued by the Company. In the fall of 1933, the Company enlisted the aid of an attorney to collect the funds but his efforts were unsuccessful and in May, 1934, the attorney swore out a complaint in the Second Criminal Judicial District Court of Passaic County, charging Marti with embezzlement of $504.84. Thereafter he was indicted by the Passaic County grand jury, arraigned, taken to the county jail where he was fingerprinted, photographed and admitted to bail. The indictment was *nolle prossed* two months later.

In May, 1935, the present suit was commenced, the *ad damnum* clause reading $10,000. The jury returned a verdict of $15,000 which by consent was reduced to conform to the *ad damnum* and *postea* entered accordingly. Thereafter a rule to show cause why a new trial should not be granted was allowed and after due proceedings had, the rule was made absolute and a *venire de novo* issued. It was the trial upon the *venire de novo* that resulted in the nonsuit now under appeal.

The grounds of appeal are seven in number. The first alleges error in permitting certain questions and answers directed to Marti's having been convicted or tried for the crime of extortion. The questions and answers complained of had no relation to the question of whether or not the motion for nonsuit should have been granted. The second ground alleges error in the allowance of certain questions which required the plaintiff, Marti, on cross-examination to refer to certain exhibits, marked for identification, for the

purpose of refreshing his recollection. The correctness of the court's ruling has received the sanction of the courts for more than a century and Lord Chief Justice Ellenborough in *Henry* v. *Lee,* 2 *Chit.* 124, stated the rule as follows: "If upon looking at any document he can so far refresh his memory as to recollect a circumstance, it is sufficient; and it makes no difference that the memorandum is not written by himself, for it is not the memorandum that is the evidence but the recollection of the witness." *Cf. Wigmore on Evidence,* § 759. The third ground goes to certain testimony dealing with the lien of $280 asserted by Franklin Trust Company against the defendant's account. The stated ground of objection to this line of questioning was that it was "not within direct examination" yet counsel for plaintiff had on direct examination questioned the witness as to the very account against which the lien was asserted. The fourth ground alleges error in denying plaintiff's application to amend the *ad damnum* clause of the complaint. As the second trial did not progress to the point where a consideration of damages was in order, the question of the *ad damnum* clause was academic. Point six is abandoned. Point seven asserts error in that the trial judge abused his discretion in vacating and setting aside the judgment of $10,000 entered as a result of the first trial. Appellant did not choose to print the testimony taken at that trial so there is nothing before this court to consider so far as this ground is concerned.

The fifth ground raises the legal propriety of the granting of the motion to nonsuit. At the close of the plaintiff's case, there were no disputed questions of fact before the trial judge and therefore the question of probable cause became one of law for the court. *Vladar* v. *Klopman,* 89 *N. J. L.* 575. It was strenuously argued in the briefs that the relation between Marti and the Company was that of debtor and creditor and therefore no indictment for embezzlement would lie.

The relationship between an agent of an insurance company authorized to receive funds in payment of premiums and obligated to pay over such funds to the company is not that of mere debtor and creditor but one of a fiduciary nature.

It has been said in 1 *Bogert, Trusts and Trustees,* § 15, "It is clear that agency and trust retain a common element in the fiduciary character of each. They are both fiduciary relations in the sense that in both the intermediary is held to a high standard of honesty, must admit no selfish interest and cannot delegate the performance of discretionary duties." *Cf.* 1 *Scott on Trusts,* § 8; 2 *Am. Jur.,* § 252; 1 *Restatement of the Law of Agency,* § 13; *Factor's Fire Insurance Co.* v. *Whilden,* 156 *N. Y. S.* 362; *Monitor Insurance Co.* v. *Young,* 111 *Mass.* 537.

Appellant argues that the affidavit of the attorney for the Company made in the Criminal Judicial District Court was false and that there was a question of fact as to the amount allegedly embezzled. The defendant Marti admitted some $200 or $250 unpaid. The gravamen of the complaint was the embezzlement and where the offense of embezzlement relates to money, such allegation shall be sustained if the defendant shall be proved to have embezzled any amount in excess of $20. *Cf. State* v. *Meeker,* 72 *N. J. L.* 210; *State* v. *Knauer,* 9 *N. J. Mis. R.* 581.

The judgment appealed from is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ.　15.

*For reversal*—Perskie, J.　1.