44 N.J. Super. 286 (1957)
130 A.2d 392
NORMAN YOERG, PLAINTIFF-RESPONDENT,
v.
NORTHERN NEW JERSEY MORTGAGE ASSOCIATES, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1957.
Decided March 22, 1957.
*289 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Elias D. Haut argued the cause for defendant-appellant.
Mr. Robert P. Silberman argued the cause for plaintiff-respondent (Mr. Hyman Halpern, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff, a New York resident, sued in the Bergen County District Court to recover commissions due under the terms of a written agreement dated August 26, 1953 with defendant, a New Jersey corporation, to procure mortgage financing in connection with a residential housing development being projected by defendant in New York State. Plaintiff was to receive commissions at the rate of 1/4 of 1%, to be paid when the mortgage money was advanced to the builder.
The record before us consists of a "Statement by Court in Lieu of Record" prepared by the trial court pursuant to R.R. 1:6-3. Defendant-appellant's appendix also includes "Appellant's Statement of Evidence and Proceedings" and "Respondent's Amendment to Statement of Evidence and Proceedings." This is improper. Where there is no stenographic record the record as settled by the trial court is conclusive and exclusive, subject to proceedings to correct or modify the record pursuant to R.R. 1:6-6. R.R. 1:6-3. There having been no such proceedings, we take no notice whatever of the extraneous documents.
*290 From the court's statement we find evidence supporting a finding that plaintiff procured mortgage money advances by a Tarrytown, New York, bank for defendant's project in the aggregate of $462,745, on which he would be entitled to commissions of $1,156. The trial court entered judgment in favor of the plaintiff for $1,000, the excess being waived.
Defendant's first ground of appeal is that plaintiff was permitted to refresh his recollection as to the details of the individual mortgages negotiated by reference to a list identified by an employee of the bank, but not custodian of the document, as a correct list of mortgages representing "business [which] was introduced to the County Trust Company by Norman Yoerg." The list itself was not introduced in evidence. It is asserted that this was error as plaintiff had not made the list and there was no testimony as to who had, citing Titus v. Gunn, 69 N.J.L. 410 (E. & A. 1903), and Hill v. Adams Express Company, 74 N.J.L. 338 (Sup. Ct. 1907). As there is no indication of an objection to this proof the point might well be ignored on that ground alone. In any event, it lacks merit. In the cases cited the effect of what was found objectionable was that the document itself was made evidential. In the present case that is not made to appear. Anything which in fact has the capacity to refresh the recollection of a witness may be used for that purpose even though not written or prepared by him. In such a case it is not the memorandum that is the evidence but the recollection of the witness. Marti v. Standard Fire Insurance Co., 127 N.J.L. 591 (E. & A. 1942); 3 Wigmore on Evidence (3rd ed. 1940), § 759, p. 102; cf. State v. Cestone, 38 N.J. Super. 139, 146 (App. Div. 1955); Kazanjian v. Atlas Novelty Co., 34 N.J. Super. 362, 370 (App. Div. 1955). The proper administration of this rule of evidence must necessarily be left largely to the sound discretion of the trial court.
Another point made, equally without supporting objection at the trial, is that the best evidence rule required *291 that certified copies of the mortgages or the testimony of the bank employee in charge of the pertinent records be adduced. No authority is cited for this contention in the present application and we find it without merit. The doing of the work and the volume of the transactions were sufficiently established.
Finally, it is urged that recovery should have been denied for noncompliance by plaintiff with the realty brokerage licensing requirements of N.J.S.A. 45:15-1 and 45:15-3. This statute stems from L. 1921, c. 141. The latest pertinent amendment is L. 1953, c. 229, which became effective July 14, 1953, and thus antecedent to the underlying contract here involved. It is now expressly provided therein (N.J.S.A. 45:15-3) that:
"No person * * * shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker at the time the alleged cause of action arose."
The complaint in this case was devoid of any reference to licensing of the plaintiff but nothing on its face indicated any New Jersey incident of the transaction involved other than that defendant is a New Jersey corporation.
Notwithstanding that the mortgages were negotiated in New York for placement on New York real estate, we have no doubt that if the agreement between the parties to the transaction was executed in New Jersey the proscription of the statute came into play. N.J.S.A. 45:15-1 provides that:
"No person shall engage either directly or indirectly in the business of a real estate broker or salesman, temporarily or otherwise * * * without being licensed so to do as hereinafter provided." (Emphasis added)
N.J.S.A. 45:15-3 defines as a real estate broker one who, for a fee or commission, inter alia, "offers or attempts or agrees to negotiate a loan secured or to be secured by *292 mortgage or other encumbrance upon * * * any real estate." The agreement presently in question is fairly encompassed by such language. George H. Weinrott & Co. v. Burlington Housing Corporation, 22 N.J. Super. 91 (Ch. Div. 1952); cf. Corson v. Keane, 4 N.J. 221 (1950). Ordinarily the law of the place where a brokerage contract is made determines its validity and enforceability in respect to compliance with brokerage licensing requirements. 12 C.J.S., Brokers, § 67, p. 155; Annotation 86 A.L.R. 640. The particular statutory language, which varies widely in different states, is frequently determinative, ibid., and is in this case.
Plaintiff urges that defendant did not raise any defense as to licensing in his answer or at the trial and therefore cannot do so for the first time on appeal. But so far as pleading is concerned, if there were a New Jersey implicating incident in the transaction it would have been plaintiff's affirmative obligation under the statute, as already seen from the statutory language, to plead, as well as to prove, that he was licensed at the time the cause of action arose. Thus, before we can pass upon the merits of plaintiff's contention in this regard, we must solve the problem as to whether there was such a New Jersey incident. See infra. As to raising the point at trial, it is true that there is no indication in the record that the matter of licensing was made a ground of motion for judgment by defendant. There is only the recital in the "Statement," etc.: "Plaintiff testified that he did not have a real estate broker's license in the year 1953; that he did have such license in 1954." What state's licensing was meant is not indicated, nor is the specific date of licensing. It is clear, however, that the statutory requirements, even before the 1953 amendment concerning pleading and proof, were indicative of a strong public policy of this State to withhold from brokers unlicensed at the time of the doing of any of the acts prohibited to unlicensed persons the aid of the courts to enforce payment of compensation for brokerage services rendered in connection therewith. See Palkoski v. Garcia, 32 N.J. *293 Super. 343 (App. Div. 1954), affirmed 19 N.J. 175 (1955); Cohen v. Scola, 13 N.J. Super. 472 (App. Div. 1951); Solomon v. Goldberg, 11 N.J. Super. 69 (App. Div. 1950). We do not think the 1953 amendment was intended to lessen the impact of the statute upon unlicensed brokers. As such a point of public policy, then, the objection may be noticed on appeal even though it were regarded as a matter of defense to be raised at the trial and was not so raised. See Roberts Electric, Inc. v. Foundations & Excavations, Inc., 5 N.J. 426, 430 (1950).
The crux of this case is thus seen to be constituted by the unknown fact as to the state in which the agreement of August 26, 1953 was executed. If it was New Jersey, plaintiff is not entitled to recover, as he was not licensed as a broker in this State when it was made; if New York, the judgment should stand, as there would be no New Jersey connection with the transaction material under the statute. No question has been raised, nor could it be now, as to compliance by plaintiff with licensing regulations of New York. At the argument counsel for defendant stated, in response to a question from the court, that the agreement was executed in New Jersey and that this assumption had been implicit at the trial. Counsel for the plaintiff declined to agree that such was the fact and stood on the record. Rather than permit this cause to be determined on the bare foundation of a conclusion as to whose is the unmet burden of establishing the fact in question upon the record, we think the interests of justice and policy in this particular case will best be served by remanding the matter for the taking of proofs limited to the factual issue mentioned, with directions that judgment be entered upon the basis of the existing record so supplemented, agreeably to the conclusions of law in this opinion.
Reversed and remanded, costs to abide the event of the further proceedings directed herein.