## DISTRICT AGENCY COMPANY, INC. *v.* SUBURBAN DELIVERY SERVICE, INC.

[No. 102, September Term, 1960.]

*Decided February 21, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arthur L. Willcher,* for appellant.

*William J. Brannan, Jr.,* with whom were *Kardy & Brannan* and *John K. Gearing* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, District Agency Company, Inc., (District Agency) an insurance broker and agent, brought suit against the appellee Suburban Delivery Service, Inc. (Suburban), a furniture moving and storage company, for insurance premiums claimed to be due. Suburban filed the general issue pleas and did not file any plea setting up a counterclaim. Its defense was recoupment. Interrogatories filed by the plaintiff and answers filed by the defendant indicated what the defendant's contention was. The trial court found in favor of the defendant on recoupment and entered judgment for Suburban for costs.[1] (The amount claimed by the defendant and found to be due exceeded the amount of the plaintiff's claim, but since it was a matter of recoupment there could be no judgment in favor of the defendant for the excess. See *Impervious Products Co. v. Gray*, 127 Md. 64, 68, 96 A. 1.) The plaintiff appeals.

The main question is whether the defendant's claim was properly a matter of recoupment, which could be shown under the general issue plea (Maryland Rule 342 b 3, 1 Poe, *Pleading & Practice* (1925 Ed.), § 615; *Impervious Products Co. v. Gray, supra,* 127 Md. at 67, and cases there cited), or amounted to a counterclaim which would have to be specially pleaded as such (Maryland Rules 314 d 1, 342 c 1(c) because it arose out of an independent transaction. This question is stated in procedural terms, but the answer turns on the substantive question of the rights and obligations of the parties and the source thereof. We could wish for a clearer record.

District Agency procured a master policy of insurance for Suburban issued by New Hampshire Fire Insurance Company (the Insurance Company) protecting Suburban from liability for loss which it might incur through damage to merchandise transferred or stored by it, under which Suburban was authorized to issue, and did issue, to its customers trip insurance or depository insurance certificates on be-

---

1. The judgment is not set forth in the appendix or even in the appellant's brief. See Maryland Rules 828 b 1(a) and 831 c 2.

half of the insurance company covering merchandise moved by Suburban or stored in its warehouse. District Agency appears to have acted as agent for Suburban in procuring the insurance; and it, or one of its officers, also countersigned the master policy and the trip or depository certificates on behalf of the Insurance Company.

The plaintiff's claims aggregate approximately $1,694.00. Of this, about $922.00 represent amounts paid by District Agency to the Insurance Company on account of premiums accrued under the master policy and the certificates. The balance of about $772.00 represents premiums also accrued thereunder, which have not been paid by District Agency to the Insurance Company, but District Agency seems to concede its liability therefor to the Insurance Company. Suburban does not dispute the correctness of the calculation of the above amounts. It makes a distinction between the $922.00, as to which District Agency is subrogated to the rights of the Insurance Company, and the balance of $772.00 which it denies District Agency is entitled to recover in any event. It insists upon a right of recoupment against the whole claim or any part thereof which may be valid.

The master policy contained provisions with regard to submitting proofs of loss and to accounting for premiums collected by Suburban on depository or trip policies, which seem to have been largely disregarded by Suburban and little insisted upon by District Agency. There were ninety or more claims for damage to property transported or stored made by the owners or shippers against Suburban; and Suburban seems to have taken many of these up with District Agency by telephone. Suburban was dissatisfied with the manner in which claims were handled by or on behalf of its insurer, particularly because of alleged delays.

As a result of numerous disputes a conference occurred between Mr. Herbert, of District Agency, and representatives of Suburban. There is a conflict of testimony with regard to what, if any, agreement was reached. Herbert claims that he authorized Suburban to settle some few claims without waiting for them to be approved by the Insurance Company. He says that he had no authority from the latter to agree to

this, but that he did it on his own responsibility, apparently being confident that the insurer would reimburse Suburban. The policy contained usual provisions denying the authority of agents to waive or vary its terms. Suburban's representatives claim, on the other hand, that District Agency, through Herbert, agreed that Suburban might settle any and all claims up to $50, without prior approval by the insurer and that Suburban would be reimbursed therefor. The conclusion of the trial court appears to be based upon a finding in favor of the defendant on this disputed question as to what the agreement was.

Suburban's defense is based upon amounts which it paid in satisfaction of numerous claims aggregating somewhat more than $2,200. (Two of these appear to have exceeded $50, and some of them antedated the alleged authorization to settle, but the aggregate of other small claims appears to have exceeded $1,694.00.) Suburban's president, after attempting to maintain that his company's sole contract was with District Agency, was forced to admit that he expected that reimbursement would be made by the Insurance Company and not by the insurance agent. Suburban has not been reimbursed by the Insurance Company and it did not join the Insurance Company as a defendant.[2]

The question of recoupment may be considered on either of two theories: one, that District Agency's rights against Suburban are derived from the Insurance Company; the other, that it has some contract right of its own which it may enforce against Suburban. The plaintiff seems to lean to the latter theory; the defendant insists that it is entitled to recoup in any event. We think the result is the same under either theory.

The general rules as to what may be shown by way of recoupment under the general issue plea and what must be pleaded as a set-off are well established. Poe, *op. cit.*, § 615, p. 643, says in part: "When the abatement claimed by the defendant on the amount of the plaintiff's demand grows

---

2. Leave to join the Insurance Company as a third party defendant was sought at the trial and was denied under Maryland Rule 315 b. The matter is not in issue on this appeal.

out of and forms part of the contract in which the claim of the plaintiff originated, the plea of set-off is not necessary, but the defense is open to the defendant under the general issue [plea]. * * * But wherever the defense is a counterclaim, arising out of an independent transaction, and constituting, of itself, a separate cause of action, for which the defendant might maintain a cross action at law against the plaintiff, it must be pleaded as a set-off." See also *Simmons v. Haas,* 56 Md. 153, and *Molesworth v. Schmidt,* 196 Md. 15, 75 A. 2d 100.

The rules prevailing prior to the adoption of Maryland Rule 342 c have been largely codified rather than abrogated by that Rule. Rule 314 a dealing with counterclaims (and its predecessor G. R. P. P. Pt. Two, III, Rule 3(a)) authorizes "any party against whom a claim * * * has been asserted" to "plead as a counterclaim any claim he has against any opposing party." This is broad enough to cover a claim in recoupment as well as a claim, say, of set-off. Rule 342 c 1(c) requires a counterclaim to be specially pleaded if it seeks relief exceeding in amount the relief sought by the plaintiff *or arises out of an independent transaction* (emphasis ours). Thus, although the words "recoupment" and "set-off" are not to be found in either of the Rules just cited, the difference between the two is so far preserved that a claim growing out of an independent transaction (set-off) must be specially pleaded, but that one growing out of the same transaction (recoupment) need not be and may be proved under a general issue plea, unless an affirmative judgment is sought.

We find it unnecessary to go into the confusing discussions of amendments to the pleadings which finally resulted in leave being granted to file a plea of recoupment and the entry of such a plea on the docket. (Since recoupment could be proven under the general issue plea, this plea seems superfluous.)

Essentially, we think that District Agency acted as broker for Suburban in obtaining the insurance (*American Casualty Co. v. Ricas,* 179 Md. 627, 22 A. 2d 484), but that it acted as agent for the Insurance Company both in countersigning the policy (Code (1957), Art. 48A, § 114) and with regard

to the collection of premiums (*Sun Insurance Co. v. Mallick,* 160 Md. 71, 153 Atl. 35, which recognizes that a broker may be the agent of the insured in obtaining the policy and of the insurer with regard to the collection of premiums.). See also *American Fire Ins. Co. v. Brooks,* 83 Md. 22, 34 A. 373.

In this country, the insured generally becomes the debtor of the insurance underwriter for premiums. *Mannheim Ins. Co. v. Hollander,* 112 F. 549 (D. C., N. Y.); *John Roach, Jr., Inc. v. Pingpank,* 39 N. J. Super. 336, 121 A. 2d 32. The broker is ordinarily a go-between and is not personally responsible for an insurance premium unless he collects it or acts under a *del credere* commission. (14 Appleman, *Insurance Law and Practice,* § 7841, p. 36.) He may, however, pledge his credit and become liable for premiums by a course of dealing which indicates an intention to do so. *Roach v. Pingpank, supra; Munro v. Bowers,* 293 Mass. 514, 200 N. E. 393. Custom so far as it is consistent with the terms of the contract may be relevant to a determination of liability. See *Burch v. Prudential Ins. Co.,* 184 Md. 664, 42 A. 2d 671.

As is stated in 14 Appleman, *op. cit.,* § 8013 (a), p. 288: "An insurance agent personally extending credit to the insured for the amount of the premium, and paying such amount to the company, is subrogated to the right of the company and is entitled to reimbursement from the insured of such sum. No assignment is necessary to transfer such right to the agent." For the purpose of considering the theory of District Agency's rights being derived in some manner from the Insurance Company we may assume (without holding) that the right of District Agency to sue Suburban for the $772 of premiums, which District Agency had not paid to the Insurance Company, is equally well established, whether as a matter of subrogation or of agency. (It has been held that the authority of an insurance agent to sue for premiums may be inferred from the agency relationship, even without any proof of an assignment. *Mayes County Milk Producers Ass'n, Inc. v. Hunter,* (Okla.) 317 P. 2d 736.) We think that any recoupment available against the Insurance Company would clearly be available against District Agency if

it were suing simply as an agent for the Insurance Company. It would also be available, we think, if District Agency were the assignee of the Insurance Company. 4 Corbin, *Contracts,* § 896, pp. 595-599. See also Restatement, 1 *Contracts,* § 167 (2).

It is true, we think, that the claim or defense based upon a variation in or from the terms of the policy such as that relied upon by Suburban would not be good against the Insurance Company, unless its assent to the variation were shown, and here it is not shown. However, we think that District Agency is estopped by its own agreement and conduct to urge this defense against Suburban, which the Insurance Company might have urged successfully, since District Agency in effect agreed that the policy should be so modified.

If we follow the other theory—that District Agency had a separate contract with Suburban for the payment of the insurance premiums, which is a perfectly possible theory under such a case as *Munro v. Bowers, supra*—we think that the agreement for the payment of premiums was modified by that with regard to the payment of small claims by Suburban. Hence, Suburban's counterclaim falls within the description of a claim arising out of the same contract or transaction and was properly allowable by way of recoupment against District Agency suing in its own right. This case is distinguishable from *Hinchman v. Johnson,* 108 Md. 661, 71 A. 424, where there was a contract for the purchase of a harvesting machine from a manufacturer made through a local sales agent. There the agent later took over the contract by assignment from the manufacturer. There was an alleged separate agreement between the agent and the purchaser made at the time of the original sale relating to furnishing an additional attachment. Certain comments of this court cast doubt upon whether recoupment could be availed of at all by the purchaser in such a situation because of the separateness of the contracts, but the actual decision against the purchaser turned on the fact that he had given notes for the purchase price without raising any claim based on the additional attachment long after such claim had arisen. This was a matter of estoppel.

We find it unnecessary to determine which theory of the case is correct or to attempt to analyze the relationship between the parties further. The record is too scanty to make such an effort practicable and since the result would be the same on either basis it would be futile for us to pursue the matter or to remand the case for the determination of such questions.

*Judgment affirmed, with costs.*