COFFMAN *v.* HAYES

[No. 95, September Term, 1970.]

*Decided November 18, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

*Marvin Ellin*, with whom was *Howard I. Golden* on the brief, for appellant.

No brief filed on behalf of appellee.

FINAN, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Kent County (Rasin, J.) in an action *ex contractu*, whereby the appellee mother was awarded $3535.35 against the appellant father for arrearages in support and medical payments for minor children. Appellee claims the money was due and owing pursuant to the terms of a separation agreement executed by the parties on September 12, 1967, while they were man and wife. The parties were subsequently divorced and the separation agreement was incorporated into the divorce decree rendered on May 16, 1969. The father claims a credit should be allowed for a three month period during which he and the paternal grandmother cared for the children and for certain medical payments covered by insurance purchased by the mother. The lower court did not allow the credits and the father appealed.

In order that there may be a proper disposition of this case on remand, we must answer the question of whether the father may have a right of recoupment for periods during which the mother has abandoned the children forcing him to assume actual custody, when there is in existence a support and maintenance agreement requiring him to make support payments to the mother for the children and the agreement is silent regarding the contingency of abandonment by the mother.

In reply to the mother's declaration the father filed a general issue plea by way of denial. During the course of the trial, the father made a proffer to introduce evidence to the effect that immediately after the execution of the separation agreement the mother abandoned the children and left the State for a period of three months, thereby making it necessary for him and the paternal grandmother to assume de facto custody and care of the children. The lower court would not admit this testimony on the premise that the action before it was an action at law in contract and there was nothing "in the agreement which supports the contention that he [the father] was not required to pay unless the wife personally had physical custody and supported the children." The court further stressed that the agreement was silent on that point and that the court knew of no law which "impressed on the agreement the requirement that support need not be paid if the person who has legal custody does not, in fact, support the children." The court also stated:

> "* * * Now if you claim some credit on an issue that you claim is related but not directly as a defense in this case such as payment of the support, it seems to the court that you should have filed some kind of a counter-claim or something to show the credit for which you are entitled but you have not done that. You filed a general issue plea in which you state that you are not indebted under this agreement. This is a suit on a contract."

The record further reveals that in rebuttal to the proffer offered by the father's counsel relative to the paternal grandmother's keeping the children for three months, counsel for the mother proffered to show that the grandmother had been paid $2,000 for the support of the children during this period, and that the money was taken out of the mother's share of the proceeds from the sale of property previously owned by the parties. However, since the lower court would consider no evidence at vari-

ance to the terms of the separation agreement, the prof-
fered testimony made by both counsel was excluded.

After the non-jury trial had concluded and while the
court was holding the matter *sub curia* pending submis-
sion of memoranda by counsel, the father filed a counter-
claim based on the credit he was seeking. The mother
then filed a motion *ne recipiatur* to strike the counter-
claim on the grounds that it had not been filed within the
time limit prescribed by Maryland Rule 314 and that
there had been no showing of good cause which would al-
low an extension of time pursuant to Maryland Rule 309;
the court granted her motion.

For the reasons which we shall hereafter set forth, we
affirm the judgment of the lower court in its ruling on
the reimbursement for medical expenses by the appellant
to the appellee, in its holding the appellant liable for the
arrearages in general and in its allowance for the credit
given to the appellant for the support of the eldest daugh-
ter, Lisa, who had remained continuously with the pa-
ternal grandmother. However, we will remand the case
for further proceedings regarding the allowance of credit
to the father for the three month period from September
12, 1967, until December 12, 1967, during which time the
other four children were cared for by the paternal grand-
mother. If the father actually supported the children dur-
ing this time, then we are of the opinion that he should
be allowed a $780 credit for this period. However, since
the mother had proffered evidence to show that the pa-
ternal grandmother had been reimbursed from her funds,
the court should hear testimony on this question, as in
that event, the father may not be entitled to the claimed
credit.

We now come to a discussion as to why we think the
father may have been entitled to a credit for the period
during which he had *de facto* custody of the children.
This presents the issue of whether, pursuant to the sup-
port and maintenance provisions of the separation agree-
ment, which is silent on the matter, the father may have
a right of recoupment for a period where the mother had

abandoned the children, forcing him to take actual custody of them.[1]

The lower court erred in not admitting the evidence relating to the credit claimed by the father for the period of time that he had actual custody of the children and supported them. This evidence should have been properly admissible under the defense of recoupment which may be proved under a general issue plea by way of defense, unless an affirmative judgment is sought. Maryland Rule 342 b 1 and Rule 314. See interpretation given both Rules operating in tandem in *Eisenberg v. Air Conditioning, Inc.,* 225 Md. 324, 337, 170 A. 2d 743 (1961), and *District Agency Co. v. Suburban Delivery Service, Inc.,* 224 Md. 364, 370, 167 A. 2d 874 (1961). In this latter case, Chief Judge Brune explored the question of what must be pleaded specially as a set-off as distinguished from a recoupment, and as was stated by this Court in *Eisenberg,* "The essential conclusion drawn is that a claim growing out of an independent transaction (set-off) must be specially pleaded, while a claim arising out of the same trans-

---

1. Numbered paragraphs 3 and 4 of the separation agreement are the provisions pertinent to this case:

"3. Husband covenants and agrees to pay unto Wife the sum of $75.00 each week for the support and maintenance of the five minor children of the parties, namely, Lisa G. Coffman, Sheila R. Coffman, Mileaha S. Coffman, Mark S. Coffman and Charlene S. Coffman. In the event, any child shall marry, reach the age of 21 years, or die, whichever event shall first occur, then the payments herein specified shall on the happening of any such event as to each child be reduced in a sum equal to 20% of the payments which would thereafter otherwise accrue and be payable in accordance with the terms hereof.

"4. In addition to any other provision for the support and maintenance of the said five children, Husband covenants and agrees to pay all reasonable and necessary medical, dental, hospital and nursing expenses for said children and the cost of all medicines, drugs and therapeutic devices for them which have been prescribed by a physician, except such medicines and drugs as are usually kept in the medicine cabinet of the average household. In the event Wife shall at any time pay any part of the cost and expense required to be paid by Husband under this paragraph because of Husband's neglect or delay in paying same, Husband shall forthwith reimburse her for the amount of any such payment, and same shall be collectible by her from him as any other debt."

action (recoupment) need not be, but may be proved under a general issue plea, unless an affirmative judgment is sought by the defendant." 224 Md. at 337.

Actually, the excluded testimony was not needed to prove that the mother did not have actual custody and that the father had supported the children for the three month period from September 12, 1967, until December 12, 1967, as upon cross-examination the mother stated that during this period she was in Philadelphia with her mother while the children remained in this State with the paternal grandmother. Also, the father's testimony that the children were left with the paternal grandmother when the mother went to Philadelphia was uncontradicted.

We now come to the consideration of whether, under the facts here presented, the father may be entitled to recoupment. Decisions from other jurisdictions dealing with similar situations have reached diverse conclusions depending principally upon factual considerations. One line of decisions would deny relief to the father on the premise that he was bound strictly by the terms of the divorce decree, or, as in this case, the separation agreement, and that he should bring an action to modify the decree.[2] *Fearon v. Fearon,* 154 S.E.2d 165 (Va. 1967); *Tucker v. Tucker,* 398 S.W.2d 238 (Ky. 1965); *Koon v. Koon,* 313 P. 2d 369 (Wash. 1957); *Sampognaro v. Sampognaro,* 63 So. 2d 11 (La. 1953). Other cases have denied relief to the father where it appears that he had voluntarily taken custody of the children and voluntarily made payments or made payments in excess of those stipulated in the decree or agreement and for which amounts he later sought a credit. *Wills v. Glunts,* 151 S.E.2d 760 (Ga. 1966); *Martin v. Martin,* 368 P. 2d 170 (Wash. 1962); *Finkbeiner v. Finkbeiner,* 288 S.W.2d 586 (Ark. 1956); *Nichols v. Nichols,* 119 N.E.2d 351 (N.Y. 1954). Still other jurisdictions have denied relief in situations where

2. In the case at bar, the arrearages and the mother's absence occurred after the separation agreement and prior to the divorce decree, so that there was no decree to modify at that specific time.

the children were with the husband only for a visit, and oftentimes pursuant to the terms of a decree. *Morrison v. Morrison,* 122 So. 2d 199 (Fla. 1960) ; *Markham v. Markham,* 300 S.W.2d 370 (Tex. 1957) ; *Brummer v. Brummer,* 69 A. 2d 38 (N.J. 1949). The principle underlying the decision in most of these cases is that to relax the strict compliance rule invites "continuous trouble and turmoil." *Fearon, supra,* at 168.

The cases which afford relief to the father by way of a credit do so where he has assumed direct support for the children under what this Court in *Bradford v. Futrell,* 225 Md. 512, 518, 171 A. 2d 493 (1961), termed a "compulsion of circumstances." This "compulsion of circumstances" might arise from a mother's ill health, financial condition, or abandonment of the children, and in such a case the father will be given credit for the time that the children have been in his physical custody and under his actual care. *Headley v. Headley,* 172 So. 2d 29 (Ala. 1964) ; *Chapman v. Chapman,* 161 P. 2d 917 (Ore. 1945) ; *Mason v. Mason,* 34 P. 2d 328 (Ore. 1934) ; *Schlom v. Schlom,* 115 So. 197 (Miss. 1928).

The common denominator of virtually all of the decisions cited, which allowed the father credit, was that he had the custody of the children by reason of some circumstances beyond his control and that he had assumed custody with the express or implied consent of the mother. In none of these cases which allowed the father relief did he assume responsibility for the children by his own unilateral voluntary action or design.

In the case of *Bradford v. Futrell, supra,* this Court was faced with several aspects of the question of the allowance of credit to the father for payments made. In April of 1958 the mother brought suit for arrearages dating back to a decree rendered in October, 1944, whereby the father was to pay $20 per week for the support and maintenance of four children. The case was further complicated by the question of limitations (an issue which does not concern us here) and after giving due consider-

ation to limitations the lower court awarded judgment in favor of the mother in the amount of $12,872. The father appealed on the grounds, *inter alia,* that the chancellor erred in not allowing him a credit in the amount of $2,-149 representing gifts bestowed on the children over the years, and in not allowing him credit for one month's support for the eldest son who lived with him for this short period of time prior to entering the armed services. This Court affirmed the chancellor in his refusal to allow any credit for the gifts or for the one month's support of the eldest son. However, we do not think that the ruling of the Court on this latter point provides any subsantial guidelines for a decision in the present case. Viewing the *Bradford* opinion as a whole it becomes obvious that the Court rejected the father's claim for the one month's credit for the eldest son for the very practical reason that, as stated in the opinion, "common experience would lead to the conclusion that the sum of $20 per week would never have completely maintained the four or even three children. * * *" *Bradford* at 521. There is however an interesting facet in the *Bradford* case which deserves comment. It should be noted that in *Bradford* the chancellor in the court below had allowed the father a credit in the amount of $3567 representing payments made by him directly to the children, and not to the mother, but which funds were used by the mother for the support and maintenance of the children. This mode of payment was at variance with that set forth in the decree. Since the mother filed no cross-appeal this issue was not before the Court on appeal. We think it is significant to note, however, that this Court in its opinion did make mention of this item as a stated fact without comment.

In any discussion of *Bradford* it should be made explicit that this Court was aware of, and reviewed the broad aspect of, the question as to what credits may properly be allowed the father by way of support payments. The Court quoted at length from the annotation found in 2 A.L.R.2d 831 and referred to the many cases cited therein, as well as 27B C.J.S. Divorce, § 321 (1) (2). As we

read *Bradford* it is clear that the Court recognized that a "compulsion of circumstances" coupled with express or implied consent on the part of the mother to a mode of payment other than that prescribed in a decree may serve as a basis for giving credit to the father for the period of time that he actually cared for the children. See *Bradford* at 518, 519. We intend by this opinion to reaffirm that recognition.

In *Stewart v. Stewart,* 256 Md. 272, 260 A. 2d 71 (1969), this Court refused to allow credit to the father for the time when the three oldest children lived with him pending divorce litigation. It would appear that in that instance the Court followed the doctrine of strict compliance with the terms of the decree. In *Stewart* this Court recited most of the authorities found in *Bradford* and applied them to the facts before it. The general principles of law laid down in both *Bradford* and *Stewart* are broad enough to encompass the facts in the case at bar and the decisions in those cases may be reconciled with our decision in this case when the disparate factual situation is taken into consideration. In *Stewart,* the wife was ultimately awarded an absolute divorce on the grounds of constructive desertion on the part of the husband. There was nothing in the facts of that case to support either an expressed or implied consent on the part of the wife to the husband's caring for the children. She did not voluntarily abandon them for the period for which credit was claimed and, in fact, the opinion indicates that the father ordered her to stay away from the home in which the children were living. Under such circumstances the father's support of the children cast him in the role of a volunteer; he was not forced to care for the children due to the "compulsion of circumstances," as exists in the case at bar.

We have previously directed attention to the fact that in the present case the court was called upon to grant a credit toward arrearages arising under a separation agreement rather than a divorce decree. Cf. *Bebermeyer*

*v. Bebermeyer*, 241 Md. 72, 78, 215 A. 2d 463 (1965). In the case of *Heinmuller v. Heinmuller*, 257 Md. 672, 676, 264 A. 2d 847 (1970), we recognized that a separation agreement was a contract between the parties and subject to the same general rules governing other contracts and that particular questions must be resolved by reference to the language in the agreement. 1 Nelson, *Divorce and Annulment*, §§ 13.05, 13.32 (2d. Ed. 1945). However, Judge Digges writing for the Court noted that the provisions relating to the care and maintenance of children may always be subject to modification by the Court. A recognition that support provisions regarding minors may not be treated in the same sense as other rights originating under a contract was made in *Mallinger v. Mallinger*, 175 A. 2d 890, 891 (Pa. 1961) wherein the court stated: "The duty to support a child arises not because of the contract but because of law." The Court also cited *Restatement, Contracts*, § 583, Comment a. See also *Slacum v. Slacum*, 158 Md. 107, 110, 148 A. 226 (1930). It should be borne in mind that in the Maryland cases cited above the court was exercising chancery jurisdiction. In the case at bar the action was one in contract and heard at law. However, we do not think that this presents any substantial obstacle toward a denouement of this case, as it is our view that in applying the general rules of contract law to the support provisions of the separation agreement that recoupment is a valid defense, and can be employed without evoking equity. Indeed, the lower court in its opinion infers that a counterclaim, timely filed, may have been a proper pleading.

On the question of whether or not the father should be required to pay the medical bills of the children, notwithstanding the fact that the mother had taken out insurance policies which covered the medical expenses, we agree with Judge Rasin in his holding that on this issue the agreement is clear and that the father is responsible for the medical expenses of the children.

Assuming, arguendo, that the husband would not be

liable for medical expenses if he had purchased the insurance which covered these expenses, the fact remains that the testimony in the lower court as to who purchased the insurance in question was in conflict.

Accordingly, we affirm the judgment of the lower court wherein it held the appellant liable for arrearages in general, for the children's medical expenses and the giving of credit to the father for the support of the eldest daughter Lisa, and neither affirm nor reverse the judgment regarding the disallowance of credit for the three month period during which the father and paternal grandmother cared for the children, and remand the case for further proceedings with regard to this credit.

> *Judgment affirmed in part and neither affirmed nor reversed in part and remanded for further proceedings consistent with this opinion; appellant to pay costs.*