503 A.2d 271

**Sheila Fern Thacker HALE**

v.

**Edwin Frank HALE.**

**No. 617, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 20, 1986.

Certiorari Denied May 2, 1986.

Peter F. Axelrad and Alan J. Hoff (Shale D. Stiller and Frank, Bernstein, Conaway & Goldman, on brief), Baltimore, for appellant.

Paul Mark Sandler (Bryan D. Bolton and Freishtat & Sandler, on brief), Baltimore, for appellee.

Argued before BISHOP, ADKINS and KARWACKI, JJ.

BISHOP, Judge.

Sheila Hale, appellant, filed a complaint in the Circuit Court for Baltimore County against her husband, Edwin Hale, appellee, seeking rescission of a June 3, 1983 separation agreement on the grounds that it was procured through undue influence, fraud, duress, and negligent misrepresentation. Appellant seeks reversal of an order of the circuit court granting appellee's Motion to Dismiss for lack of jurisdiction based on a finding that there was no justiciable issue. Appellant argues three issues:

I. The lower court erred in ruling that it lacked jurisdiction because the validity of the agreement is subject to the court's powers in equity;

II. The lower court's ruling violates the declaratory judgment statute; and

III.  The lower court erred in ruling that this action is not justiciable.

## FACTS

The parties were married in 1966 and separated in May 1983.  Very shortly thereafter, on June 3, 1983, they executed a separation agreement which provided in pertinent part that:

1.  The wife release all of her rights in the marital property except with reference to the family home and personal property and as otherwise limited by the agreement;

2.  The husband pay $3,350.00 monthly "as permanent alimony for her maintenance and support of the minor child" until the death or remarriage of the wife;

.    .    .    .    .

4.  The husband pay the mortgage and other costs relevant to the maintenance of the home;

5.  The parties list the family home for sale at a time agreed by the parties and for an asking price of $500,-000.00 provided that an acceptable sale figure would be $450,000.00.  After settlement costs and taxes, the wife was to receive at least $300,000.00 as her share of the proceeds;

6.  As security for the sums which he became obligated to pay under the agreement, the husband agreed to execute, within ten days of the signing of the agreement, an Indemnity Deed of Trust granting to wife a secondary security interest in his interest in the family home;

.    .    .    .    .

11.  The agreement be incorporated in any subsequent divorce decree.

The husband apparently has made the alimony and support payments since June 3, 1983.  He failed to execute the Indemnity Deed of Trust but has complied with all other currently active requirements under the agreement.

The parties were married in 1966. During the marriage Mr. Hale founded Port East Transfer Company, a trucking firm, for which Mrs. Hale worked as director and secretary. Under the terms of the agreement she was to resign from these positions. The Hales separated in late May, 1983. On June 3, 1983, they executed a separation agreement which was drafted by their family lawyer who had a long-standing relationship with both parties.

About seven months after the execution and the implementation of the agreement, Mrs. Hale filed a complaint and subsequently an amended complaint to rescind the separation agreement on the grounds of fraud, duress, undue influence and negligent misrepresentation. In addition to rescission, the complaint contained a request for an award of five million dollars in compensatory damages and ten million dollars in punitive damages based on allegations that the husband's wrongdoing had caused Mrs. Hale to suffer "financial loss and damages as a result of being deprived of the use and benefit of the money and property to which she is entitled...."

The court *sua sponte* raised the question of whether a justiciable controversy existed whereupon Mr. Hale subsequently filed a Motion to Dismiss for lack of subject matter jurisdiction. It is from the trial court's granting of this motion that the wife appeals. Because we hold that a justiciable issue is present in this case, we reverse and remand for trial.

## Discussion

"A separation agreement, being a contract between the parties, is subject to the same general rules governing other contracts." *Eckstein v. Eckstein,* 38 Md.App. 506, 511, 379 A.2d 757 (1978) (citations omitted). Appellee concedes, as he must, that equity courts traditionally had jurisdiction in actions for rescission of a contract, *Silberstein v. Life Ins. Co.,* 189 Md. 182, 187–88, 55 A.2d 334 (1947), and the circuit court retains this jurisdiction today. *See* Rule 2–301. In addition, the parties and the trial court agreed that, al-

though declaratory relief was not specifically requested, both the nature of the complaint and the general prayer for relief contained in the complaint give the court the power to issue a declaratory decree under the Uniform Declaratory Judgment Act if there is a justiciable issue.[1] *See Rowe v. Chesapeake and Potomac Telephone Company*, 65 Md. App. 527, 501 A.2d 464, 466 (1985); *Anne Arundel County v. Ebersberger*, 62 Md.App. 360, 367–68, 489 A.2d 96 (1985).

In *Reyes v. Prince George's County*, 281 Md. 279, 288, 380 A.2d 12 (1977) the Court of Appeals stated:

> We have adopted, as the definition of a justiciable issue or controversy, that given in 1 W. Anderson, *Actions for Declaratory Judgments* 67 (2d ed. 1951): "A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded." *See Harford County v. Schultz, supra*, [280 Md. 77] at 81 [371 A.2d 428, 430]; *Hamilton v. McAuliffe*, 277 Md. 336, 340, 353 A.2d 634, 637 (1976); *Patuxent Co. v. Commissioners*, 212 Md. 543, 548, 129 A.2d 847, 849 (1957).

In the case *sub judice*, the trial court based its decision that it did not have jurisdiction on the lack of a justiciable issue. The court concluded that a separation agreement contemplates the filing of a divorce action and since no such action had been filed, there could be no

---

1. The Maryland Uniform Declaratory Judgment Act is codified at Md.Cts. & Jud.Proc.Code Ann. §§ 3–401 to 415 (1984 Repl.Vol.). Section 3–403 states:

    (a) *In general.* Except for the District Court, a court of record within its jurisdiction may declare rights, status, and other legal relations whether or not further relief is or could be claimed. An action or proceeding is not open to objection on the ground that a declaratory judgment or decree is prayed for.

    (b) *Enumeration not exclusive.* The enumeration in §§ 3–406, 3–407, 3–408 and 3–408.1 does not limit or restrict the exercise of the general powers conferred in subsection (2) in any proceedings where declaratory relief is sought and in which a judgment or decree will terminate the controversy or remove an uncertainty.

litigation on the agreement. However, not all separation agreements are contingent on divorce. To hold that the validity of this separation agreement may be litigated only upon the filing of an action for divorce would contravene the cases holding that separation agreements are subject to the same general rules governing other contracts. *E.g., Eckstein*, 38 Md.App. at 511, 379 A.2d 757; *Coffman v. Hayes*, 259 Md. 708, 717, 270 A.2d 808 (1970). Since contracts generally may be subject to rescission on a finding of fraud, duress, undue influence, or negligent misrepresentation in their making, and declaratory judgments may be issued determining the validity of such contracts, rescission and declaratory relief are entirely proper actions in this case and. are clearly within the jurisdiction of the circuit court. *See Vincent v. Palmer*, 179 Md. 365, 371–2, 19 A.2d 183 (1941).

From the foregoing discussion of the agreement and the current active life of many of its provisions, it is clear to us that this agreement is not contingent upon filing for divorce. For example, section 19(a) of the agreement contains a release by each of the parties of all rights in each other's property except as set out in the agreement. The clause giving this paragraph effect only "after the entry of a decree of divorce" was stricken from the original draft and initialed by both parties. The effect of this deletion is that the release of property rights became effective upon the execution of the agreement.

Appellant claimed in her amended complaint that under section 19(a) of the separation agreement she was being currently deprived of the use and benefit of property to which she would have a right but for the agreement. She further alleged she was induced to enter into the agreement by fraud, duress and misrepresentation and asked for rescission of the contract. Appellee denied appellant's allegations of harm and that the agreement was the result of fraud, duress or misrepresentation and requested that appellant's claims be denied. From the foregoing it is

clear that a controversy does exist and that the parties are asserting adverse claims upon a state of facts which have accrued wherein a legal decision is sought. *Reyes,* 281 Md. at 288, 380 A.2d 12.

. This is not a situation where the court is being asked to decide future rights in anticipation of an event which may never take place. *Ebersberger,* 62 Md.App. at 368, 489 A.2d 96; *Tanner v. McKeldin,* 202 Md. 569, 579, 97 A.2d 449 (1953). Rather, Mrs. Hale alleges that she is currently being harmed by an agreement into which she may not have freely entered and appellee denies this. The effect of the agreement is not contingent on divorce; it is not only currently effective, it is currently being effectuated.

■ Since the court below had jurisdiction under the Maryland Uniform Declaratory Judgments Act so long as a justiciable issue existed, *Ebersberger,* 62 Md.App. at 367–68, 489 A.2d 96, and since we hold a justiciable issue does exist, the trial court erred in dismissing appellant's complaint for lack of subject matter jurisdiction. We reverse and remand.

JUDGMENT REVERSED; CASE REMANDED FOR TRIAL;

COSTS TO BE PAID BY APPELLEE.